ACCEPTED
14-15-00207-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/6/2015 3:38:48 PM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00207-CV

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT
AT HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

7/6/2015 3:38:48 PM

CHRISTOPHER A. PRINE
Clerk

COUNTY INVESTMENT, LP,
Appellant,
v.
ROYAL WEST INVESTMENT, LLC, SERIES E AND SHAWN SHABAZI,
Appellee

Original Proceeding Arising Out of the
189th Judicial District Court, Harris County, Texas
Cause No. 2014-34978
Honorable Bill Burke

## BRIEF OF APPELLANT

Jeremy D. Saenz
State Bar No. 24033028
jsaenz@wsdllp.com
Jason T. Wagner
State Bar No. 00795704
jwagner@wsdllp.com
1010 Lamar, Suite 425
Houston, Texas 77002
Telephone: (713) 554-8450
Facsimile: (713) 554-8451

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Parties To The Trial Court's Judgment:

    <u>Plaintiff</u>:  County Investment, LP

    <u>Defendants</u>:  Royal West Investment, LLC, Series E and Shawn Shahbazi

<u>The Names and Addresses of Trial and Appellate Counsel for County Investment, LP</u>

<u>Attorney of Record at Trial and on Appeal</u>:
Jeremy D. Saenz
Wagner Saenz Dority, LLP
1010 Lamar, Suite 425
Houston, Texas  77002

<u>The Names and Addresses of Trial and Appellate Counsel for Royal West Investments, LLC, Series E and Shawn Shahbazi</u>

<u>Attorney of Record at Trial and on Appeal</u>:
Robert G. Miller
O'Donnell, Ferebee & Frazer, P.C.
450 Gears Road, Suite 800
Houston, Texas  77067

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................ ii

Table of Contents ..................................................................................... iii

Index of Authorities ................................................................................. v

Statement of Case .................................................................................... vii

Statement Regarding Oral Argument ....................................................... vii

Issues Presented ....................................................................................... viii

Statement of Facts ................................................................................... 1

Summary of the Arguments ..................................................................... 5

Arguments ................................................................................................ 6

I.     Standard of Review ..................................................................... 6

II.    An Absolute Privilege Does Not Apply In This Case ................. 7

       A.    The *Lis Pendens* was Filed Against a Property
             Owned by a Person That was Not Part of Any Judicial Proceeding .... 7

       B.    The *Lis Pendens* Affected Real Property Collaterally,
             not Directly, and does not come within the
             Provisions of Texas Property Code Section 12.007 ........................... 10

             i. The *Lis Pendens* was Void *Ab Initio* ............................................. 10

             ii. The Remedies Available in Texas Property Code
                 Section 12.0071 and Section 12.008 are not Required, Nor
                 are they Feasible in Purchase Transactions ................................. 13

C.    The Notice of *Lis Pendens* is a Court Record and
       Governed by Civil Practice and Remedies Code Section 12.002 ...... 14

D.    The Question of Fraud Should Go to the Jury ................................... 16

III.   Holding that an Absolute Privilege Applies Even When
       the Affected Party or Property is Not Involved or
       Even a Part of a Judicial Proceeding Will Have a Deleterious Effect.......... 16

IV.   Conclusion and Prayer ................................................................. 18

Certificate of Compliance ...................................................................... 19

Certificate of Service ........................................................................... 19

# INDEX OF AUTHORITIES

## Statutes and Rules

TEX. CIV. PRAC. & REM. CODE § 12.002....................................................... 14, 15, 17

TEX. PROP. CODE § 12.007 ............................................................ 10, 11, 12, 13, 15

TEX. PROP. CODE § 12.0071 ...................................................................... 13, 14, 17

TEX. PROP. CODE § 12.008 ........................................................................ 12, 13, 14, 17

TEX. R. CIV. PROC. 76a(2)(a) ................................................................................ 14

TEX. R. CIV. PROC. 166a(c) ..................................................................................... 6

## Cases

*Bayou Terrace Inv. Corp. v. Lyles*,
   881 S.W.2d 810 (Tex. App.—Houston [1st Dist.] 1994, no writ) ...................... 9

*Cullins v. Foster*,
   171 S.W.3d 521, 530 (Tex.App.-Houston [14th Dist] 2005, pet. denied) .......... 6

*Duke v. Power Electric and Hardware Co.*,
   674 S.W.2d 400 (Tex. App.—Corpus Christi 1984, no writ)............................ 16

*Griffin v. Rowden*,
   702 S.W.2d 692 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)............................. 9

*Helmsley-Spear of Texas, Inc. v. Blanton*,
   699 S.W.2d 643, 645 (Tex. App.—Houston [14th Dist.] 1985, no writ) 11, 12, 13

*Kropp v. Prather*,
   526 S.W.2d 283 (Tex. Civ. App.—Tyler 1975, writ ref'd n.r.e.)........................ 9

*Moss v. Tennant*,
   722 S.W.2d 762 (Tex. App.—Houston [14th Dist.]
   1986, no writ) ................................................................. 10, 11, 12, 13, 15

*Nixon v. Mr. Prop. Management Co.*,
    690 S.W.2d 546, 549 (Tex.1985) ........................................................ 6

*Olbrich v. Touchy*,
    780 S.W.2d 6 (Tex. App.—Houston [14th Dist.] 1989, no writ) ...................... 12

*Prappas v. Meyerland Comm. Improvement Ass'n.*,
    795 S.W.2d 794 (Tex. App.—Houston [14th Dist.] 1990, writ denied) .... 7, 9, 15

*Provident Life & Accident Ins. Co. v. Knott*,
    128 S.W.3d 211, 215-16 (Tex. 2003) ................................................. 6

*Sci. Spectrum, Inc. v. Martinez*,
    941 S.W.2d 910, 911 (Tex.1997) ..................................................... 6

*Valence Operating Co. v. Dorsett*,
    164 S.W.3d 656, 661 (Tex. 2005) .................................................... 6

*Virginia Indonesia Co. v. Harris County Appraisal Dist.,*
    910 S.W.2d 905, 907 (Tex.1995) ..................................................... 6

## STATEMENT OF THE CASE

On June 17, 2014, County Investment, LP ("Appellant" or "County Investment") filed a lawsuit for violations of Chapter 12 of the Texas Civil Practice and Remedies Code for a fraudulent lien or claim filed against real property, tortious interference with a contract, and slander of title against Appellees Royal West Investment, LLC, Series E, and Shawn Shahbazi ("Appellee Royal West," "Appellee Shahbazi," or collectively "Appellees") (C.R. 6). On October 2, 2014, Appellees filed a Motion for Summary Judgment on County Investment's claims arguing that County Investment was not entitled to relief because its causes of action were barred by the defense of Absolute Privilege (C.R. 18-19). Appellee's Motion for Summary Judgment was granted on December 5, 2014 (C.R. 106). County Investment's Motion for Reconsideration and Motion for New Trial were denied as a matter of law on February 18, 2015. Appellant filed a Notice of Appeal on March 4, 2015 (C.R. 135).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument because it believes it will aid the Court in its decision process.

# ISSUES PRESENTED

I.      The trial court erred in holding that the filing of a *lis pendens*, even on a collateral property unrelated to any pending litigation, is protected by an absolute privilege in the due course of a judicial proceeding.

II.     The trial court erred in holding that the fraudulent filing of a *lis pendens* under Civil Practice and Remedies Code 12.002 is protected by an absolute privilege in the due course of a judicial proceeding.

NO. 14-15-00207-CV

In the Court of Appeals for the 14th
District of Texas at Houston, Texas

COUNTY INVESTMENT, LP,
Appellant,

v.

ROYAL WEST INVESTMENT, LLC, SERIES E AND SHAWN SHABAZI,
Appellee

## BRIEF OF APPELLANT

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COUNTY INVESTMENT, LP, (hereinafter "County Investment"), submits this brief in appeal of the trial court's summary judgment rendered in favor of Royal West Investment, LLC, Series E and Shawn Shabazi (hereinafter Appellee Royal West, Appellee Shahbazi, and Appellees collectively).

## STATEMENT OF FACTS

County Investment is a Texas Limited Partnership (C.R. 4). Appellee Royal West is a Delaware Limited Liability Company and is purported to be authorized to do business in Texas and Appellee Shahbazi is an individual and sole member of Royal West Investment, LLC, Series E (C.R. 4). Appellees were involved in entirely unrelated litigation in Tarrant County involving Appellees, U.S. Capital Investments, LLC ("USCI") and Massood Pajooh, but not County Investment.

(C.R. 12, 22-36). Neither USCI nor Massood Pajooh are named parties in the present lawsuit, and neither are owners of the property concerning this lawsuit. (C.R. 4-9, 56-57).

On or about April 9, 2013, County Investment entered into a Real Estate Purchase Agreement ("Purchase Agreement") with a bona fide purchaser for the sale of eight (8) acres out of a nine point six two seven (9.627) acre tract in Reserve N3, of Northborough Section Three (3), in Houston, Harris County, Texas (C.R. 5). The property, identified by the Harris County Appraisal District by Number 114-586-000-0021 ("Property") was owned by County Investment (C.R. 56). According to the terms of the Purchase Agreement, the purchaser was to pay County Investment Nine Hundred Fifty-Six Thousand and no/100 dollars ($956,000.00) for the Property (C.R. 5). Escrow was thereafter opened with Stewart Title Company *Id*.

On or about April 23, 2013, Stewart Title issued a Commitment for Title Insurance on the Property (C.R. 5). In Schedule C of the Title Commitment (which is the section listing those items that will be excluded from the policy unless resolved prior to closing), Stewart Title noted the following:

> 10. The Company requires a satisfactory dismissal with prejudice of that suit styled U.S. Capital Investments, LLC v. Shawn Shahbazi, et al under Cause No. 096-244268-10 in the 96[th] Judicial District Court of Tarrant County, Texas and release of that *lis pendens* recorded

in/under County Clerk's File No. 20130021834 of Real Property Records of Harris County, Texas (C.R. 6).

County Investment was not a party to the lawsuit that Appellees used for the basis of their *lis pendens*, and was not listed on the face of the *lis pendens* (C.R. 39). Appellee Shahbazi acknowledged that fact in his deposition:

> Q. Was that case in Fort Worth against County Investment, LP?
> A. I don't think so.
> Q. Okay.
> A. No.
> Q. No.
> A. No. No.

(C.R. 120-121). On or about April 27, 2013, County Investment, through its representative, contacted Appellee Shahbazi regarding the *lis pendens* (C.R. 130-131). Appellee Shahbazi acknowledged receipt of correspondence stating "basically he's telling me to release that *lis pendens*, the property he's trying to sell" (C.R. 125-126). On or about May 7, 2013, County Investment's attorney contacted Appellee Shahbazi's attorney, attaching a Release of *Lis Pendens* for execution (C.R. 132).

Despite the notices being sent to Appellees directly and through their counsel, the *lis pendens* was not removed and on or about June 7, 2013, the Purchase Agreement was cancelled (C.R. 131). As a result, Plaintiff lost out on $956,000.00 (C.R. 88-89).

On or about April 4, 2014, nearly a year after the Appellees were notified of the existence of the wrongfully filed *lis pendens*, Defendant, through their attorney, released the *lis pendens* (C.R. 90-91).

## SUMMARY OF THE ARGUMENTS

The appellate record conclusively establishes that County Investment was not a party in any judicial proceedings at the time that the *lis pendens* was filed on its property. Applying an absolute privilege to protect Appellee that knew at the time that the *lis pendens* was fraudulent, creates a deleterious bar to justice. Furthermore, applying the privilege in an absolute fashion has the unforeseen effect of allowing a *lis pendens* to be used as a sword to inhibit property transactions throughout the State of Texas while simultaneously hiding behind a shield of absolute privilege. If any party is involved in any type of judicial proceeding, it can seek out a completely unrelated property, and on a whim, file a *lis pendens* to interfere with the rights of whomever they desire, even parties with no relation to any judicial proceeding. The remedy available to the affected party (suit to remove a *lis pendens*) is wholly insufficient considering the relatively short period between execution of a property transaction and closing, leaving the party without any recourse.

Because an absolute privilege cannot and should not apply when the affected party and property were not part of any judicial proceeding, and furthermore, when the *lis pendens* itself was a fraudulent court filing, judgment in favor of Appellees should be reversed and County Investment should be given the opportunity to present its case to a jury.

# ARGUMENTS

## I.   STANDARD OF REVIEW

A trial court's summary judgment is reviewed *de novo. Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). A defendant who seeks a traditional summary judgment under Rule 166a(c) must demonstrate that the plaintiff has no cause of action as a matter of law. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215–16 (Tex.2003); *Cullins v. Foster,* 171 S.W.3d 521, 530 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). A traditional summary judgment is proper when the defendant either negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Cullins,* 171 S.W.3d at 530. When the defendant has carried its summary judgment burden, the burden shifts to the nonmovant to raise a material fact issue precluding summary judgment. *Virginia Indonesia Co. v. Harris County Appraisal Dist.,* 910 S.W.2d 905, 907 (Tex.1995). In reviewing a summary judgment, Courts are to take as true all evidence favorable to the nonmovant, indulging every reasonable inference, and are to resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Management Co.,* 690 S.W.2d 546, 549 (Tex.1985).

## II. AN ABSOLUTE PRIVILEGE DOES NOT APPLY IN THIS CASE

### A. *The Lis Pendens was Filed Against a Property Owned by a Person That Was Not Part of Any Judicial Proceeding.*

The appellate record conclusively establishes that County Investment was not a party in any judicial proceedings at the time that the *lis pendens* was filed on its property (C.R. 39, 120-121).

County Investment does not contest the existence of a privilege for filing a *lis pendens* when the filing of the *lis pendens* is part of a judicial proceeding between the same parties. However, the privilege is not so broad and absolute as to apply to a *lis pendens* on a property that is unrelated to any litigation, and in which a legal action has not commenced affecting the property or its owner. Despite assertions by Appellee to the contrary in its Motion for Summary Judgment (C.R. 17-18), the facts in *Prappas v. Meyerland Comm. Improvement Ass'n.*, 795 S.W.2d 794 (Tex. App.—Houston [14th Dist.] 1990, writ denied) are very different from the facts in the present matter. In *Prappas*, the parties were involved in litigation with each other, and after judgment but during the pendency of an appeal between all of the parties, Meyerland Community Improvement Association filed a *lis pendens* to stop a sale by Prappas. *Id.* The Court in *Prappas* found that the filing of the *lis pendens* was a part of a judicial proceeding, and therefore the filing absolutely was privilege. *Id.*

---

The facts in the present case are distinguishable from the typical case where an absolute privilege applies. County Investment and Appellees were not engaged in any litigation or judicial proceedings with each other at the time of the filing of the *lis pendens* (C.R. 39, 120-121). The only litigation involved Appellees and parties that were neither part of this suit nor owners of the real property that was encumbered (C.R. 4-9, 12, 22-36, 56-57). Appellees represented in the Notice of *Lis Pendens* that the Property was part of the judicial proceeding described as "Cause No. 096-244268-10, styled *U.S. Capital Investments, LLC v. Shawn Shahabazi, et. al.*," and was commenced in the 96th Judicial District Court of Tarrant County, Texas" (C.R. 114). Appellees conceded the fact that County Investment was not part of any judicial proceeding:

> Q. At the time that you – that your attorney filed the *lis pendens* against the property that affected the County Investment, LP, were you involved in any lawsuit with County Investment, LP, you or Royal West Investment, Series – LLC Series E?
>
> A. No. I think you already asked me that. No. I didn't.

(C.R. 127-128, 120-122). Despite this obvious and important fact, County Investment was the subject of a fraudulently filed *lis pendens*, and suffered the consequences by losing out on the sale of its property (C.R. 88-89, 131). Furthermore, the records of the Harris County Appraisal District show that the property in question has never been owned by either USCI or Massood Pajooh, so there was not colorable argument to the filing (C.R. 93-95).

Like *Prappas*, the facts in *Griffin v. Rowden*, 702 S.W.2d 692 (Tex. App.—Dallas 1985, writ ref'd, n.r.e.), *Kropp v. Prather*, 526 S.W.2d 283 (Tex. Civ. App.—Tyler 1975, writ ref'd, n.r.e.), and *Bayou Terrace Inv. Corp. v. Lyles*, 881 S.W.2d 810 (Tex. App.—Houston [1st Dist.] 1994, no writ), cited by Appellees in their Motion for Summary Judgment (C.R. 18), are also distinguishable from the facts surrounding County Investment. In those cases, judicial proceedings between parties led to the filing of *lis pendens* by one party against the property of another involved in the judicial proceeding. *See Prappas, Griffin, Kropp, and Bayou Terrace* cite above. As illustrated above, however, there was not a prior or existing judicial proceeding involving County Investment and Appellees at the time that the *lis pendens* was filed, and Appellees acknowledged that fact (C.R. 39, 120-122, 122-128).

Since the *lis pendens* case law in Texas deals with parties that are involved in some type of judicial proceeding with each other, this is a case of first impression. The distinguishing and deciding factor that makes this case unique is that in this case the action was taken against a third party (and its wholly owned property) that was not a party to any judicial proceeding, much less a judicial proceeding with Appellees, yet County Investment was left without recourse. (C.R. 39, 120-122, 122-128).

**B.** **The Lis Pendens Affected Real Property Collaterally, not Directly, and does not come within the provisions of Texas Property Code Section 12.007.**

    *i.* *The Lis Pendens was Void Ab Initio.*

Appellees acknowledge that they filed a *lis pendens* against Plaintiff's property as a preemption to prevent the fraudulent transfer of Property (C.R. 13-14). Despite not having evidence that USCI ever owned the property in question, which it did not, Appellees moved forward with filing the *lis pendens* on a collateral piece of property unrelated to any proceedings involving County Investment (C.R. 39, 120-122, 122-128). Appellees' actions were wholly independent of the rights granted by Section 12.007 of the Texas Property Code and according to governing case law, the *lis pendens* was void *ab initio*. Consequently, since Appellee did not act in accordance with the statute, their actions do not fall within any absolute privilege and they should be made to answer for damages for the causes of actions as pleaded by County Investment.

In *Moss v. Tennant*, 722 S.W.2d 762 (Tex. App.—Houston [14th Dist.] 1986, no writ), the Court ruled that a *lis pendens* was void. In that case, the Guises sold a home on Bluebonnet Street in Houston to Hoffman, and then bought a house on Nodaway Street in Spring. Hoffman later filed suit against the Guises, and then amended to argue that the Guises purchased the Nodaway property with proceeds of the sale of the Bluebonnet property. Hoffman then filed a notice of *lis pendens*

on the Nodaway property. The Nodaway property was later sold to the relators, Douglas and Katherine Moss, who intervened and filed a motion to quash the notice of *lis pendens*. Hoffman argued that the notice was valid and that the Mosses had an adequate legal remedy under Texas Property Code Section 12.007. The Court ruled that since the *lis pendens* was essentially a prayer for a judgment lien and it affected real property collaterally, and not directly, it did not come within the provisions of 12.007. *Moss* at 763. The Court stated:

> Hoffman's suit … does not seek recovery to the title to relator's property nor to establish an interest in the home except as security for the recovery of any damages he may be awarded against the Guises on his fraud allegation and only to the extent he can trace the proceeds from the Bluebonnet sale to the Nodaway purchase. His pleading that a lien be imposed against the Nodaway property is essentially a prayer for a judgment lien, affects the property only collaterally, and does not come within the provisions of §12.007.

The Court ruled that the *lis pendens* was void as a matter of law. *Id*.

In *Helmsley-Spear of Texas, Inc. v. Blanton*, 699 S.W.2d 643, 645 (Tex. App.—Houston [14th Dist.] 1985, no writ), the Court reached a similar conclusion to *Moss* stating that the plaintiff "pleading that a lien be imposed against the property is essentially a prayer for a judgment lien to assure any monetary damages which may be ultimately awarded are paid. The lien sought affects real property collaterally, not directly, and does not come within the provisions of 12.007, … accordingly the *lis pendens* is void." *Helmsley-Spear* at 645. Because the Court

held that the *lis pendens* did not fall within the provisions of Section 12.007, then the party did not have to utilize Section 12.008 to nullify, remove, or cancel the *lis pendens*.

Similarly, in *Olbrich v. Touchy*, 780 S.W.2d 6 (Tex. App.—Houston [14th Dist.] 1989, no writ), the Court analyzed the *lis pendens* statute in Texas Property Code Section 12.007 and stated that the parties did not establish any of the requirements in the statute, and as such the *lis pendens* was improper. In *Olbrich*, the court noted that the claims in the property were unsupported by title, interest, or encumbrance. As in *Moss* and *Helmsley-Spear*, the court noted that the targeted property was only collateral. As such, there was no standing to employ the restrictions of Section 12.007(a) and they had no right to bind the property with a *lis pendens*. *Olbrich* at 8.

*Moss*, *Helmsley-Spear*, and *Olbrich* are all similar to the case at hand. Appellees' interest in the property was at most, purely collateral, and nothing more than a "prayer for a judgment lien." Appellees alleged to be trying to prevent a fraudulent transfer without any real proof that the property was owned by the defendants in their Tarrant County case (C.R. 13-14). As such, the *lis pendens* was void *ab initio* as a matter of law, and Appellees are unable to take advantage of the immunity provided for non-void *lis pendens*.

ii.     *The Remedies Available in Texas Property Code Section 12.0071 and Section 12.008 are not Required, Nor are they Feasible in Purchase Transactions.*

*Helmsley-Spear*, discussed above, made it clear that when a *lis pendens* does not fall within the provisions of Section 12.007, then the affected party does not have to utilize Section 12.008 to nullify, remove, or cancel the *lis pendens*. Texas Property Code Section 12.0071 was enacted in 2009 and enables a party to file a motion to expunge a *lis pendens*. *See* Act of May 21, 2009, 81st Leg., R.S., ch. 297, 2009 Tex. Gen. Laws 806, 806 (codified at Tex. Prop. Code Ann. § 12.0071 (West 2013)). While it was enacted twenty-six years after the *Helmsley-Spear* decision, it can be surmised that the result would be the same as Section 12.008, and a party would not be required to utilize the remedy.

While County Investment was not required to pursue the remedies outlined in Texas Property Code Sections 12.0071 and 12.008, the short duration of time, the fraudulent nature of the *lis pendens*, and Appellees' fraudulent representations, nevertheless would have prevented such action. Upon being informed of the *lis pendens* County Investment made multiple attempts at having Appellees remove the *lis pendens* and Appellee Shahbazi even represented that he would have the *lis pendens* removed (C.R. 125, 130-132). Furthermore, Section 12.0071 requires at least a 20 day notice prior to a motion to expunge being heard, an infeasible short duration when dealing with a property transaction, and when County Investment

was relying on Appellees representations that it would be removed. TEX. PROP. CODE ANN. § 12.0071 (West 2013). Section 12.008 is equally infeasible in that it implies a valid *lis pendens* and calls for adequate protection and the payment of money or giving of an undertaking to the Court. TEX. PROP. CODE ANN. § 12.008 (West 2013).

**C.    The Notice of *Lis Pendens* is a Court Record and Governed by Civil Practice and Remedies Code Section 12.002.**

A Notice of *Lis Pendens* is governed by Section 12.002 of the Texas Civil Practice and Remedies Code as a court record. TEX. CIV. PRAC. & REM. CODE ANN. § 12.002 (West 2002). By its very nature, a Notice of *Lis Pendens* is a court record. "Court Record" is defined for purposes of Texas Rule of Civil Procedure 76a as "all documents of any nature filed in connection with any matter before any civil court …" See T.R.C.P. 76a (2)(a). Since the Notice of *Lis Pendens* was filed in connection with a matter in Tarrant County (unrelated to County Investment), it is a court record, and subject to the provisions in Civil Practice and Remedies Code 12.002 against fraudulent court records  (C.R. 39, 120-122, 122-128). Appellees had knowledge that the Notice of *Lis Pendens* was fraudulent when they filed it (C.R. 39, 120-122, 122-128).  Appellee Shahbazi represented that he was filing the *lis pendens* with the purpose of causing problems for Mr. Massood Danesh (representative of County Investment) (C.R. 129).  Despite several attempts to get

Appellees to remove the *lis pendens*, they refused to do so (C.R. 130, 132). Appellees should be answerable for their acts of fraud, and should not be allowed to hide behind an immunity that does not apply on a collateral piece of property. Based on governing case law, the *lis pendens* should be void *ab initio*. See *Moss v. Tennant*, 722 S.W.2d 762 (Tex. App.—Houston [14th Dist.] 1986, no writ), stating that the "pleading that a lien be imposed against the Nodaway property is essentially a prayer for a judgment lien, affects the property only collaterally, and does not come within the provisions of §12.007."

Appellees note that the Texas courts have not yet ruled on the issue of whether the judicial privilege applies to Texas Civil Practice and Remedies Code Section 12.002(a) (C.R. 19-21). Appellees argue that the decisions in *Prappas* and *Lyles* imply that the Court would rule that the privilege applies *Id*. As described above, the arguments fail because the *lis pendens* was not filed as part of a judicial proceeding involving County Investment (C.R. 39, 120-122, 122-128). The *lis pendens* was filed on a collateral property not related to any judicial proceeding and as such was not within the purview of Texas Property Code Section 12.007. According to the cases cited above, the *lis pendens* was void. Since the *lis pendens* is void, any claim for absolute privilege for a void act cannot exist. County Investment should be allowed to proceed with its claim for damages based on a fraudulent court filing. Furthermore, Appellants acted fraudulently by filing a *lis*

*pendens* on the property both knowing that Plaintiff was not a party to a lawsuit, and without doing any investigation into the ownership of the properties in question. (C.R. 80, 84-85). When notified to release the *lis pendens*, despite knowledge that the *lis pendens* was wrongful, Appellees took zero action until over a year later, costing County Investment the sale of its property (C.R. 88-90).

### D. The Question of Fraud Should Go to the Jury

In *Duke v. Power Electric and Hardware Co.*, 674 S.W.2d 400 (Tex. App.—Corpus Christi 1984, no writ), the district court allowed a slander of title cause of action (based on the allegedly wrongful filing of a *lis pendens*) to go to the jury. The appellate court did not hold that the claim was barred by privilege; rather, it analyzed the evidence in the record and affirmed the jury's findings of no damages for that cause of action. *See Duke* at 402. County Investment should get its day in Court.

### III. HOLDING THAT AN ABSOLUTE PRIVILEGE APPLIES EVEN WHEN THE AFFECTED PARTY IS NOT INVOLVED OR EVEN A PART OF A JUDICIAL PROCEEDING WILL HAVE A DELETERIOUS EFFECT.

If the Court upholds the trial court's finding that an absolute privilege applies, even when the affected property and its owner were not involved in a judicial proceeding, then anyone involved in any judicial proceeding, as a lawyer or a party, could maliciously file a *lis pendens* without limits or consequences. By filing an eviction proceeding in Justice Court, a party would be free to file a *lis*

*pendens* on any property owned by anyone in the State of Texas. Undersigned counsel, with several lawsuits on file, could theoretically file a *lis pendens* affecting the property of every home in The Woodlands, inconveniencing, delaying, and possibly costing every homeowner involved in a property transaction the ability to swiftly sell their property. A homeowner, who wishes to prevent the sale of her neighbors house in order to make the offer on her own house more lucrative, could file a *lis pendens* to prevent a deal from taking place, and would be absolutely immune from claims of tortious interference with a contract, slander to title, and fraudulent court filings under Section 12.002 of the Texas Civil Practice and Remedies Code.

The absolute right to file a *lis pendens* would allow a party to use the *lis pendens* as a sword and effectively hamper any property transaction of their choosing. While Texas Property Code 12.0071 provides a party with the right to file a Motion to Expunge *Lis Pendens*, and 12.008 provides the right to move for cancellation of a *lis pendens*, these remedies are useless when time is of the essence (as it usually is) in the pending property transaction, and the absolute privilege bars those affected from seeking any redress for their damages.

This absurd result is exactly what occurred in this case. County Investment, without any involvement in a judicial proceeding, and without any property subject to valid liens or claims, became encumbered by a *lis pendens*, effectively costing it

_____

a sale worth $956,000.00 (C.R. 5). Simply because Appellees had a pending lawsuit against a third party, they were granted an impenetrable shield to protect them from their maliciously used sword. Such a finding is the opposite of justice and was surely not envisioned when broadly applying an absolute privilege.

## IV. CONCLUSION AND PRAYER

For the reasons set forth above, County Investment requests that this Court reverse the granting of Appellees' Motion for Summary Judgment due to the fact that there is not an absolute privilege to filing a *lis pendens* when the affected party, and its property, was not a part of a judicial proceeding.

Respectfully submitted,

By:/s/***Jeremy Saenz***_____
Jeremy D. Saenz
State Bar No. 24033028
jsaenz@wsdllp.com
Jason T. Wagner
State Bar No. 00795704
jwagner@wsdllp.com
1010 Lamar, Suite 425
Houston, Texas 77002
Telephone: (713) 554-8450
Facsimile: (713) 554-8451
ATTORNEYS FOR APPELLANT
COUNTY INVESTMENT, LP

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Brief of Appellant, filed on July 6, 2015, was prepared with Microsoft Word for Mac 2011 and that, according to that program's word-count function, the sections covered by Texas Rule of Appellate Procedure 9.4(i)(1) contain 3,923 words.

/s/***Jeremy Saenz***_____

Jeremy Saenz

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Brief of Appellant** was served, pursuant to Texas Rules of Civil Procedure 21 and 21a, and Texas Rule of Appellate Procedure 9.5, on the 6th day of July, 2015, via electronic mail, to:

Robert G. Miller
450 Gears Road, Ste. 800
Houston, Texas  77067
Telephone:  281.875.8200
Facsimile:  281.875.4961
e-mail:  miller@ofmflaw.com
(Attorney for Appellees)

/s/***Jeremy Saenz***_____

Jeremy Saenz