**Conditionally Granted and Opinion Filed February 9, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00370-CV**

**IN RE SALEH ELISA AND CARZONE INVESTORS, INC., Relators**

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-16184**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

In this mandamus proceeding, relators Saleh Elisa and Carzone Investors, Inc. challenge the trial court's refusal to expunge a notice of lis pendens. After reviewing relators' petition for writ of mandamus, real parties in interest's response, and the mandamus record, we conditionally grant relators' petition for writ of mandamus.

## Background

The plaintiffs in the underlying lawsuit are JAT Real Property Holdings Texas, LLC and JAT Project Holdings Texas, LLC (collectively, plaintiffs), who are real

parties in interest here.[1] Plaintiffs sued Johnny Aguinaga; his company DFW Projects, LLC; Risk Free Investments, LLC; and Westmoreland JAT/DFW Properties, LLC (collectively, defendants) regarding funds plaintiffs provided for a townhome development on Westmoreland Road in Dallas, Texas (the Westmoreland development). According to plaintiffs' March 26, 2019 second amended petition, defendants contracted with plaintiffs to use those funds exclusively for the Westmoreland development but improperly used the funds to purchase or develop other properties, including 13064 Fish Road, Dallas, Texas (the Fish Road property).

Plaintiffs' second amended petition asserted various tort, contract, statutory, and other claims, including claims for fraudulent transfer and constructive trust. The requested relief included "(a) Actual, consequential, incidental, economic, non-economic, special, general, consequential, reliance, restitution, recoupment of property wrongfully obtained, incidental damages, and exemplary damages in an amount within the jurisdictional limits of this Court; (b) Disgorgement of profits and benefits wrongfully obtained by Defendants; [and] (c) An accounting and imposition of a constructive trust upon the monies and assets acquired as a result of [the alleged] acts, including any property of Defendants." Plaintiffs also sought prejudgment writs of attachment regarding certain real and personal property, including the Fish Road property, and temporary injunctive relief restraining defendants from "conveying,

---

[1] John Thaler, managing member of the JAT companies' controlling entity and a third-party defendant in the underlying lawsuit, is also a real party in interest in this proceeding.

assigning, encumbering, hypothecating, concealing, or alienating any rights, title, or interest in or to the [Fish Road property], or any proceeds from any sale thereof, or otherwise developing or constructing [that] real property."

On May 24, 2019, plaintiffs filed a notice of lis pendens as to the Fish Road property. On November 12, 2020, Mr. Elisa filed a plea in intervention and a motion to expunge the notice of lis pendens. He asserted he is the owner of the Fish Road property and "intervenes in this case in order to obtain an order from this court removing the lis pendens on his property." According to Mr. Elisa, "Defendant Risk Free Investments, LLC, who was the previous owner, deeded one hundred percent of this property to Elisa on April 16, 2019, and Elisa recorded the deed on April 18, 2019." He contended, among other things, that the notice of lis pendens must be expunged because "the pleading on which the Notice of Lis Pendens is based does not contain a real property claim."

The record does not show plaintiffs filed a response to Mr. Elisa's motion to expunge. On January 8, 2021, plaintiffs filed a third amended petition. Unlike the second amended petition, the third amended petition's fraudulent transfer claims asserted in part, "Plaintiffs further seek imposition of a constructive trust upon such real property as Plaintiffs have a legal interest in the real properties Defendants fraudulently transferred and that Plaintiffs request that such transfers be set aside and returned to the transferors or otherwise Plaintiffs."

Following a January 11, 2021 hearing,[2] the trial court denied the motion to expunge on January 22, 2021, without stating the basis for the denial.

On March 17, 2021, Mr. Elisa and his company Carzone Investors, Inc., which had also intervened in the underlying lawsuit, filed a first amended motion to expunge the notice of lis pendens. That motion relied on additional ownership evidence not presented with the original motion to expunge. Additionally, the amended motion asserted that for purposes of determining whether plaintiffs had pleaded a real property claim, "the relevant pleading is Plaintiffs' Second Amended Petition filed on March 26, 2019," not the third amended petition.

Plaintiffs filed a response in which they asserted, among other things, that they "have pleaded and established a viable real property claim in the Fish Road Property" because they "requested a constructive trust be placed on properties that were allegedly fraudulently transferred and the title transfers set aside." In support of that assertion, they cited their third amended petition. They did not address the amended motion's contention that only the second amended petition is relevant to that determination.

On April 20, 2021, after a hearing, the trial court denied relators' first amended motion to expunge the notice of lis pendens without stating the ground for that ruling.

---

[2] The mandamus record contains no reporter's record of this or any other hearing.

**Applicable law**

Mandamus is an extraordinary remedy available only when the trial court has clearly abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "Mandamus has been recognized as the appropriate remedy when issues have arisen concerning the issuance of notices of lis pendens." *In re Cohen*, 340 S.W.3d 889, 900 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding); *In re Collins*, 172 S.W.3d 287, 297 (Tex. App.—Fort Worth 2005, orig. proceeding).

"A notice of lis pendens is a mechanism to give constructive notice to all those taking title to the listed property that a claimant is litigating a claim against the property." *Campbell v. Martell*, No. 05-19-01413-CV, 2021 WL 1731754, at *10 (Tex. App.—Dallas May 3, 2021, no pet.) (mem. op.). Only a party seeking affirmative relief in "an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property" may file "for record with the county clerk of each county where a part of the property is located a notice that the action is pending." *Id*. (quoting TEX. PROP. CODE § 12.007(a)). To satisfy § 12.007, "the suit on which the lis pendens is based must claim a direct interest in real property, not a collateral one." *Id*. "If a party seeks a property interest only to secure recovery of damages or other relief, the interest is collateral and will not support a lis pendens." *Id*.

A party to an action in connection with which a notice of lis pendens has been filed may apply to the court to expunge the notice. TEX. PROP. CODE § 12.0071(a). Section 12.0071(c) provides:

> The court shall order the notice of lis pendens expunged if the court determines that:
> (1) the pleading on which the notice is based does not contain a real property claim;
> (2) the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim; or
> (3) the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy . . . .

**Analysis**

Relators contend the trial court abused its discretion because "[t]he notice of lis pendens must be expunged as long as any one of [§ 12.0071(c)'s] three requirements is not satisfied" and plaintiffs "failed to prove compliance with any of [those] three requirements." Relators request mandamus relief "declaring the Plaintiffs' notice of lis pendens null and void, ordering the trial court to vacate its orders denying the original and first amended motions to expunge lis pendens and directing the trial court to issue a new order dismissing the lis pendens on 13064 Fish Road."

As to § 12.0071(c)(1), relators assert "the relevant pleading is the one on file at the time of the filing of the lis pendens," which in this case is plaintiffs' second amended petition. Relators contend that in that pleading, plaintiffs did not claim a "direct interest" in the Fish Road property or "seek to restore the title to [that

property]," but instead "were alleging fraudulent transfer and constructive trust merely to protect a money damages claim or to satisfy a money judgment." Relators assert that because the second amended petition "only collaterally affect[s]" the Fish Road property, the notice of lis pendens should have been expunged under § 12.0071(c)(1).

Real parties in interest argue Texas courts have generally concluded pleadings sufficiently support a notice of lis pendens where the pleader "requested a constructive trust be placed on properties that were allegedly fraudulently transferred and the title transfers set aside" (citing *Cohen*, 340 S.W.3d at 899). They contend expungement under § 12.0071(c)(1) is improper here because plaintiffs pleaded such. In support of that position, real parties in interest cite the above-described third amended petition provision that was not in the second amended petition. Real parties in interest do not address relators' contention that only the second amended petition is relevant to the § 12.0071(c)(1) analysis in this case, nor do they explain or address how the second amended petition supports their position.

Additionally, real parties in interest assert (1) relators proffered no "'new' evidence to support their renewed request to expunge the lis pendens on the Fish Road Property which was not in Relators' possession or access during the prior expunction hearings" or "new, applicable law to support their renewed request to expunge the lis pendens," and (2) "[a]bsent new evidence or new applicable law,

Relators effectively filed a motion for reconsideration of the District Court's prior denial of the same motion—but without any lawful basis to do so."

We agree with relators that only the second amended petition is relevant to our § 12.0071(c)(1) analysis here. *In re Kroupa-Williams*, No. 05-05-00375-CV, 2005 WL 1367950, at *2 (Tex. App.—Dallas June 10, 2005, orig. proceeding) (mem. op.) (concluding plaintiff's live pleading "at the time she filed the lis pendens on the properties," rather than her subsequently-filed amended pleading, was relevant pleading for determining whether plaintiff pleaded interest in real property on which lis pendens was filed).

Though real parties in interest contend a request that "a constructive trust be placed on properties that were allegedly fraudulently transferred and the title transfers set aside" supports a notice of lis pendens, the record does not show, and real parties in interest do not explain, how the second amended petition asserted such a request or sought more than merely an interest in the proceeds of the Fish Road property. On this record, we conclude the trial court abused its discretion by determining § 12.0071(c)(1) did not require expunging the notice of lis pendens in question. *See Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (orig. proceeding) (per curiam) (concluding that seeking constructive trust as to real property allegedly purchased with converted funds only to satisfy judgment constituted seeking a collateral interest in the property, which did not render property subject to lis pendens); *see also Moss v. Tennant*, 722 S.W.2d 762, 763 (Tex. App.—

Houston [14th Dist.] 1986, orig. proceeding) (in fraud action by home purchaser against vendors of home and property, "constructive trust" that purchaser sought to impose against different property to extent vendors purchased that property with proceeds traceable from vendors' sale of home did not entitle purchaser to lis pendens against that property).

As to real parties in interest's contention that relators' first amended motion to expunge the notice of lis pendens was "without any lawful basis" due to a purported lack of "new evidence or new applicable law," real parties in interest cite no authority to support that position and we have found none. Generally, "[t]he trial court holds continuing authority to reconsider its interlocutory orders while it has plenary power over the case." *Moring v. Inspectorate Am. Corp.*, 529 S.W.3d 145, 150 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

\* \* \*

We conditionally grant relators' petition for writ of mandamus. We direct the trial court to (1) vacate the orders denying the original and first amended motions to expunge the notice of lis pendens on the Fish Road property and (2) sign an order expunging the notice of lis pendens on the Fish Road property pursuant to § 12.0071(c)(1). We are confident the trial court will act in accordance with this opinion. The writ of mandamus will issue only if the trial court does not do so.

_/Cory L. Carlyle/_

CORY L. CARLYLE
JUSTICE