**Petition for Writ of Mandamus Conditionally Granted and Opinion filed March 14, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00753-CV

---

## IN RE JOSEPH JACKSON; BAYLOR ASSET MANAGEMENT LLC; RL 360 FUNDING LLC; JCLZ LEGACY LLC; DCT ENTITY MANAGEMENT LLC; DVI OPPORTUNITIES UNLIMITED, INC,; KILGORE COMMONS, LLC, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-68763**

---

## MEMORANDUM OPINION

On Friday, October 13, 2023, relators Joseph Jackson; Baylor Asset Management LLC; RL 360 Funding LLC; JCLZ Legacy LLC; DCT Entity Management LLC; DVI Opportunities Unlimited, Inc.; Kilgore Commons, LLC

filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators asks this Court to compel the Honorable Judge Mike Engelhart, presiding judge of the 151st District Court of Harris County, to: (1) to vacate its order denying relators' motion to expunge notices of lis pendens on 27 properties; and (2) direct the trial court to expunge the notice of lis pendens on those properties. We conditionally grant the petition for writ of mandamus.

## Background

Houston Secured Development Partners, LLC (real party in interest) was created to conduct real estate investments, including the acquisition of multi-family and single-family residential properties, development through ground-up construction or rehabilitation, and lease and/or the sale of the properties. Real party in interest is an investment fund capitalized by the sale of membership units. HDSP Management, LLC was formed for the express purpose of managing real party in interest's $4.2 million fund and is controlled by Joseph Jackson, a relator. Real party in interest alleged that its "assets are missing, and it appears that fund assets have been used to develop other properties owned by Jackson or his affiliated companies." Jackson's affiliated companies are all named as relators in this original proceeding. Jackson owns these companies in whole or in part.

In October 2022, real party in interest filed an original petition against Jackson for misrepresentation, breach of contract, unjust enrichment, breach of fiduciary duty, and injunctive relief. In later petitions and supplements to petitions, HSDP named all relators as defendants. According to relators' petition, "during the

2

course of the [t]rial [c]ourt case," real party in interest filed 27 notices of lis pendens and "encumbered property owned by [r]elators." In March 2023, relators filed a motion to expunge the notices of lis pendens and in and the following month, the trial court signed the order denying relators' motion to expunge notices of lis pendens. Relators filed a writ of mandamus in this court on October 13, 2023 requesting this court vacate the trial court's order denying relators' motion to expunge notices of lis pendens on the properties and direct the trial court to expunge the notice of lis pendens on those properties. Real party in interest filed a response November 29, 2023.

## Standard of Review

Mandamus has been recognized as the appropriate remedy when issues have arisen concerning the issuance of notices of lis pendens. *First Nat. Petroleum Corp. v. Lloyd*, 908 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1995, no. writ). To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Chong*, No. 14-19-00368-CV, 2019 WL 2589968, at \*2 (Tex. App.— Houston [14th Dist.] June 25, 2019, orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *Id.; see In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). "Under an abuse of discretion standard, we defer to the trial court's factual

3

determinations if they are supported by evidence, but we review the trial court's legal determinations de novo." *Id.* (quoting *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding)). Relator must establish that the trial court could reasonably have reached only one decision, but did not reach that decision. *Id. See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). As the party seeking relief, relator bears the burden of demonstrating entitlement to mandamus relief. *In re Moreno*, No. 14-14-00929-CV, 2015 WL 225049, at *1 (Tex. App.—Houston [14th Dist.] Jan. 15, 2015, orig. proceeding).

### Lis pendens

"Lis pendens provides a mechanism for putting the public on notice of certain categories of litigation involving real property." *Id.* at *2. (quoting *Prappas v. Meyerland Cmty. Improvement Ass'n,* 795 S.W.2d 794, 795 (Tex. App.—Houston [14th Dist.] 1990, writ denied)); *see also In re Miller,* 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding) ("A lis pendens is a notice of litigation, placed in the real property records, asserting an interest in the property, and notifying third parties that ownership of the property is disputed."). By statute, a lis pendens may be filed with respect to a lawsuit "involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property." *In re Moreno*, 2015 WL 225049, at *2; Tex. Prop. Code Ann. §12.007(a).

Once a lis pendens has been filed, the statute provides it can be removed through expunction, pursuant to section 12.0071 of the Property Code. *Moreno*, 2015 WL 225049, at *2. Section 12.0071 identifies three circumstances in which

the trial court "shall order the notice of lis pendens expunged." *Id.* (quoting Tex. Prop. Code Ann. § 12.0071(c)). One of those circumstances is when the trial court "determines that [ ] the pleading on which the notice is based does not contain a real property claim." *Id.*

## Real property claim

A real property claim is "an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property. *Chong*, 2019 WL 2589968, at *2. (quoting *Moreno*, 2015 WL 225049, at *2). The suit on which the lis pendens is based must claim a direct interest in real property rather than a collateral interest. *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex. App.—Austin 2007, pet. denied); *See also* Tex. Prop. Code Ann. § 12.007. In other words, the property against which the lis pendens is filed must be the subject matter of the underlying lawsuit. *Id*. Here, real party in interest in its response alleges the lis pendens is proper and should not be expunged because: (1) It alleges a real property claim through a constructive trust; and (2) It alleges a real property claim through its company agreement. To determine whether the lis pendens should be expunged, we analyze whether either claim qualifies as a real property claim under section 12.0071 of the Property Code. Tex. Prop. Code Ann. § 12.0071.

## Analysis of Lis Pendens

*Constructive trust* A real property claim does not lie in cases where claims for equitable ownership through a constructive trust are "not seeking to restore real

5

property that was misappropriated" but seek "an interest in real property to satisfy a potential judgment." *Chong*, 2019 WL 2589968, at \*3. "[T]hey both are means by which the plaintiff seeks to recover judgment against the defendant for fraud or conversion." *Id*. at \*4. Further, a constructive trust is not sufficient to establish a direct interest in the property, but only a collateral interest and does not support a lis pendens. *Flores v. Haberman,* 915 S.W.2d 477, 478 (Tex. 1995) (orig. proceeding) ("In the present case, the plaintiffs seek a constructive trust in the purchased properties only to satisfy the judgment they seek. . . As such, the interest is no more than a collateral interest in the property. Therefore the notices of lis pendens are improper.").

In its response, real party in interest asserts a direct, real property claim through a constructive trust on the properties. Here, real party in interest in its response said the lis pendens "became necessary only because" relator Jackson "violated the court's temporary restraining order by selling the Natchez property to another developer and using the proceeds from that sale to pay [relator Jackson's] 'business associate' and to pay criminal restitution in a felony-theft case against [relator Jackson.]" This indicates the lis pendens in this case was necessary to satisfy a judgment and is a collateral interest in the property. Thus, it is not a direct real property claim under Tex. Prop. Code Ann. § 12.0071.

Further, real party in interest suggests that its claimed constructive trust is an encumbrance on the property. *See Marathon Mach. Tools, Inc. v. Davis-Lynch, Inc*., 400 S.W.3d 133, 137 (Tex. App.—Houston [14th Dist.] 2013, pet denied.) ("A person claiming equitable ownership under a constructive trust is a *lien*

6

*creditor* with respect to the property covered by the trust.") However, because a constructive trust does not establish a direct property claim, this encumbrance claimed through constructive trust does not establish a direct property claim. Thus, the claimed constructive trust likely is not a real property claim.

***Company agreement*** Moreover, the suit on which the lis pendens is based must claim a direct interest in real property rather than a collateral interest. *Countrywide Home Loans,* 240 S.W.3d at 4; *see also* Tex. Prop. Code Ann. § 12.007. In other words, the property against which the lis pendens is filed must be the subject matter of the underlying lawsuit. *Id*. If the suit seeks a property interest only to secure the recovery of damages or other relief that the plaintiff may be awarded, the interest is merely collateral and will not support a lis pendens. *Id.* (citing *Flores,* 915 S.W.2d at 478.)

Here, real party in interest argues it has a direct real property claim in the land through its company agreement. The company agreement reads:

> The Company was formed to invest in multifamily triplexes and single-family residential properties in Houston, Texas (each a "Property" and collectively, the "Properties") through ground-up construction, rehabilitation, lease, and/or sale of the Properties.

With this goal in mind, real party in interest states that its "sole purpose was to acquire any and all real properties in which their money was utilized for acquisition, construction, or rehabilitation." It asserts that relators "misappropriated and misused" its money "to acquire and improve real property." Thus, it then alleges it has a direct real property claim because its "real-estate investment money was *in fact* invested in real property."

However, this court has repeatedly rejected this logic. Like *Moss and Chong*, this case involves "the use of funds obtained from the plaintiff to purchase real property." *Chong*, 2019 WL 2589968, at \*3; *Moss v. Tennant*, 722 S.W.2d 762, 762-63 (Tex. App.— Houston [14th Dist.] 1986, orig. proceeding).

In *Moss*, "[o]ur court noted that the plaintiff's suit did 'not seek recovery to the title to relator's property nor to establish an interest in the [property] except as security for the recovery of . . . damages ... on his fraud allegation and only to the extent he [could] trace the proceeds' used to purchase of the property. Therefore, our court held that the plaintiff's claim was "'essentially a prayer for a judgment lien, affects the property only collaterally, and does not come within the provisions of §12.007.'" *Id*. (quoting *Moss*, 722 S.W.2d at 762-63.).

In *Chong*, our court found that a party sought a property claim not "to restore real property that was misappropriated from it," but to seek "an interest in real property to satisfy a potential judgment" as a "means by which the plaintiff seeks to recover judgment against the defendant for fraud or conversion." *Chong*, 2019 WL 2589968, at \*3-4. Thus, the party did not allege a direct property claim under section 12.0071 and the lis pendens was expunged. *Id.*

The facts here mirror those cases. Real party in interest alleges in its pleadings that its "assets are missing, and it appears that fund assets have been used to develop other properties owned" by relator Jackson and his companies. But real party in interest in its response said the lis pendens "became necessary only because" relator Jackson "violated the court's temporary restraining order by

selling the Natchez property to another developer and using the proceeds from that sale to pay [relator Jackson's] 'business associate' and to pay criminal restitution in a felony-theft case against [relator Jackson]." This indicates that real party in interest asserted an interest in the properties as a "means by which. . . to recover judgment against the defendant for fraud or conversion." *Id*. And that is a collateral claim. Because the real property interest alleged is collateral and not direct, real party in interest does not allege a real property interest under section 12.0071 of the property code. Tex. Prop. Code Ann. § 12.0071. Thus, the lis pendens should be expunged.

***Real Party in Interest's Response*** In its response, real party in interest argues two relators lack standing. Further, real party in interest argues that relators mandamus petition should be denied because of equitable doctrines of laches and unclean hands. For the reasons detailed below, we reject these arguments.

## Standing

The doctrine of standing exists to identify lawsuits that are appropriate for judicial determination. *Trojacek v. Est. of Kveton*, No. 14-07-00911-CV, 2009 WL 909591, at *3 (Tex. App.—Houston [14th Dist.] Apr. 7, 2009, no pet.) (mem. op.) Standing is implicit in the concept of subject matter jurisdiction and, as such, is never presumed and cannot be waived. *Id.* Standing may be raised for the first time on appeal. *Id.* The general test for standing asks whether a case presents a real controversy between the parties that will be actually determined by the judicial declaration sought. *Id.* Thus, we must determine whether the pleadings and

evidence indicate that relators have a justiciable interest in the real estate that is the subject of their issues on appeal. *Id.*

Here, real party in interest alleges relators Kilgore Commons LLC and Baylor Asset Management LLC lack standing because they do not own any properties affected by the trial court's denial to expunge the lis pendens. Lis pendens was not served on either of these relators. Thus, these relators lack standing. *See Id.* ("An appealing party lacks standing to complain about errors that do not injuriously affect her, or that merely affect the rights of others.") But the remaining relators do have standing, as they were served lis pendens notices on properties that are the subject of mandamus review.

## Equitable Relief

Mandamus is a legal remedy, but it is governed to some extent by equitable principles. *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 552 n. 2 (Tex. 1990).

*Laches* One such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex. 1993). Here, real party in interest argues that the more than five-month gap between the April 2023 order denying the motion to expunge notices of lis pendens and relators' October 2023 mandamus petition asking this court for relief from the order justifies denial based on laches. However, the Texas Property Code requires the trial court to expunge a notice of lis pendens if it does not contain a real property claim. *See* Tex. Prop. Code Ann. §12.0071(c) ("The court shall order the notice of lis pendens expunged if the court determines that: the pleading on which

10

the notice is based does not contain a real property claim."). Laches is generally available as an affirmative defense solely in suits in equity and therefore does not apply to statutory challenges. *Phillips v. The Dow Chem. Co.,* 186 S.W.3d 121, 129 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Thus, laches does not bar the mandamus relief.

*Unclean hands* Further, the doctrine of unclean hands has been used to deny issuance of the writ of mandamus. *Axelson,* 798 S.W.2d at 552 n. 2. The doctrine will be applied only to "one whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, or marked by a want of good faith, or one who has violated the principles of equity and righteous dealing." *In re Jim Walter Homes, Inc.,* 207 S.W.3d 888, 899 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding.) (quoting *Thomas v. McNair,* 882 S.W.2d 870, 880–81 (Tex. App.—Corpus Christi 1994, no writ). In addition, the complaining party must show an injury to himself arising from the conduct. *Id.* "The clean hands maxim should not be applied when the defendants have not been seriously harmed and the wrong complained of can be corrected without applying the doctrine." *Id.* (quoting *Thomas* 882 S.W.2d at 880–81). Whether to apply the doctrine or not is committed to a court's discretion. *Id.*

Here, real party in interest makes two arguments for the doctrine of unclean hands to bar mandamus relief. First, real party in interest claims the doctrine of unclean hands bars mandamus relief because: (1) relator Jackson acted badly by violating a temporary restraining order when he sold property owned by real party in interest; and (2) this action harmed real party in interest because it never

received the profits from the sale. Second, real party in interest claims the doctrine of unclean hands bars mandamus relief because: (1) relator Jackson acted badly when it forged its own release of lis pendens to sell property; and (2) real party in interest was harmed because it could not "claim equitable title over that property." The doctrine of unclean hands does not apply in this case because the harm does not appear so serious to require the defense. Therefore, the doctrine of unclean hands does not bar the mandamus relief.

## Conclusion

We conditionally grant the petition for writ of mandamus because relators have shown that "the pleading on which the [lis pendens] notice is based does not contain a real property claim." *See* Tex. Prop. Code Ann. § 12.0071(c)(1). We direct the trial court to vacate it order denying relator's motion to expunge notices of lis pendens on 27 properties; and expunge the notice of lis pendens on those properties. Our writ of mandamus will only issue if the trial court fails to comply.


PER CURIAM

Panel consists of Justices Wise, Poissant, and Bourliot.