**Douglas C. MOSS, Katherine M. Moss, and Commonwealth Mortgage Corporation, Relators,**

v.

**The Honorable Geraldine TENNANT, Judge, 113th Judicial District, Respondent.**

No. A14–86–871–CV.

Court of Appeals of Texas, Houston (14th Dist.)

Dec. 18, 1986.

Rehearing Denied Jan. 22, 1987.

Lew W. Harpold, Houston, for relators.

J. Christopher Reynolds, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and PRESSLER and MURPHY, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

In this original petition for writ of mandamus, relators ask us to require the Honorable Geraldine Tennant to cancel a lis pendens. On December 9, 1986, we granted leave to file the petition. We conditionally grant the mandamus.

Relators are intervenors in the suit out of which this petition for writ of mandamus arises. The plaintiff is Ron E. Hoffman. John Jeffrey Guise and Marcie L. Guise are co-defendants.

In May 1982 the Guises sold a home on Bluebonnet Street in Houston to Hoffman. In August 1982 the Guises bought a home on Nodaway Street in Spring. In June 1983 Hoffman filed suit against the Guises and others, alleging causes of action for the recovery of damages based upon breach of warranty, negligence, deceptive

trade practices, and fraud arising out of the sale of the Bluebonnet property. On July 5, 1985, Hoffman amended his petition alleging the Guises had purchased the Nodaway property with the proceeds of the sale of the Bluebonnet property. Hoffman alleged he was the beneficial or equitable owner of an interest in the Nodaway home, "to the extent it was purchased with the proceeds of the sale to Hoffman," by virtue of a constructive trust. On July 25, 1985, Hoffman filed a notice of lis pendens on the Nodaway property.

In May 1986 the Guises sold the Nodaway home to relators, Douglas and Katherine Moss. The Mosses conveyed the property by deed of trust to C.E. Rogers, trustee, for the benefit of relator Commonwealth Mortgage Corporation as security for the funds for the purchase. In September 1986 the relators intervened in Hoffman's pending suit and filed their motion to quash the notice of lis pendens. The motion was denied by respondent December 1, 1986.

Relators argue the lis pendens is void and failure to cancel the notice constitutes a clear abuse of discretion. The real party in interest contends the notice is valid and relators have an adequate legal remedy.

A lis pendens may be filed during the pendency of an action involving title to real property, the establishment of an interest in real property, or an enforcement of an encumbrance against real property. TEX. PROP.CODE ANN. § 12.007.

The real parties in interest contend their cause below falls within the ambit of § 12.007 because their action arises out of fraud and seeks a constructive trust on the Nodaway property. They rely on *Hughes v. Houston Northwest Medical Center*, 647 S.W.2d 5 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd).

In *Hughes*, the plaintiffs were minority stockholders who asked the trial court to impose a constructive trust on the title to land and to cancel a proposed sale of the land from the corporation to another entity. They alleged the proposed sale had been procured through fraud. The stockholders filed a notice of lis pendens which was set aside by the trial court. The appeals court reversed.

The property in *Hughes* on which the lis pendens notice was placed was the subject matter of the suit. The lien sought in *Hughes* thus affected real property directly, not collaterally, and quite properly came within the provisions of § 12.007.

■ Hoffman's suit, however, does not seek recovery to the title to relator's property nor to establish an interest in the home except as security for the recovery of any damages he may be awarded against the Guises on his fraud allegation and only to the extent he can trace the proceeds from the Bluebonnet sale to the Nodaway purchase. His pleading that a lien be imposed against the Nodaway property is essentially a prayer for a judgment lien, affects the property only collaterally, and does not come within the provisions of § 12.007. *Helmsley-Spear of Texas, Inc. v. Blanton*, 699 S.W.2d 643 (Tex.App. [14th Dist.]—Houston, 1985). Accordingly, the lis pendens is void.

■ The real party in interest contends relators may vindicate their alleged right of cancellation by other legal remedies. We do not agree. Mandamus is a discretionary remedy and ordinarily will be denied if another remedy is available and adequate. *State v. Archer*, 163 Tex. 234, 353 S.W.2d 841 (1962). Availability of other remedies, however, does not prevent mandamus to set aside a void order of a trial court. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973). Respondent's refusal to cancel the notice of lis pendens amounted to a reaffirmation of a void action. We hold that when a trial court affirms a void action, the availability of other remedies will not prevent issuance of mandamus.

The lis pendens in this matter is void. Respondent should have granted relators' request to cancel it. We assume respondent will comply with the opinion of this Court. In the event she fails to do so

before January 5, 1987, a writ of mandamus will issue.

The writ is conditionally granted.