**Douglas F. OLBRICH, Eleanor Olbrich and Gladys Flynn, Individually and as Independent Executrix of the Estate of Richard M. Flynn, Deceased, Relators,**

v.

**Hon. Hugo H. TOUCHY, Judge, 129th District Court, Respondent.**

**No. A14–89–667–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 16, 1989.

C. Charles Dippel, Houston, for relators.

Paul W. Nimmons, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an original petition for a writ of mandamus. Relators ask us to require the Honorable Hugo H. Touchy to cancel a lis pendens. After a thorough review of the circumstances of this case, we conditionally grant the mandamus.

Relators Douglas F. Olbrich, Eleanor Olbrich, and Gladys Flynn (relators) are defendants in the suit out of which this petition for writ of mandamus arises. Relators owned property in the city of Piney Point Village. On December 17, 1984, relators submitted two subdivision plats of their property to the Planning and Zoning Commission of Piney Point Village for approval. The Commission voted to approve the plats subject to review by the City Council at its next meeting. Before the council meeting, however, the Chairman of the Planning and Zoning Commission signed the two plats and certified that the Commission had approved them. The plats were filed in the Harris County Map Records.

Property owners and residents adjacent to the subdivided plats (real parties in interest or Piney Point residents) initiated a court action to invalidate the subdivision and filing of the plats which they claimed violated ordinances of the City of Piney Point Village and statutes of the State of Texas. On February 13, 1985, the real parties in interest filed a lis pendens in Harris County. The respondent denied relators' motion for an order cancelling the lis pendens on July 11, 1989.

The controlling lis pendens statute states:

> After the plaintiff's statement in an eminent domain proceeding is filed or during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

TEX.PROP.CODE ANN. § 12.007(a) (Vernon 1984). Considering this statute, the Piney Point residents can justify the application of lis pendens only if 1) they had an interest in the property, or 2) the violation of the ordinances and statutes prohibiting the subdivision constitute an encumbrance on the property. We conclude that these parties have not established either point, and as a result, the lis pendens is improper.

This court has addressed the application of the lis pendens statute on at least two prior occasions, and on both occasions the court has held the lis pendens notice to be improper. See Moss v. Tennant, 722 S.W.2d 762, 763 (Tex.App.—Houston [14th Dist.] 1986, no writ); Helmsley–Spear of Texas, Inc., v. Blanton, 699 S.W.2d 643, 645 (Tex.App.—Houston [14th Dist.] 1985, no writ). Although factually diverse, these cases resemble the instant case in that the parties' claims in the property were unsupported by title, interest, or encumbrance. In Moss the real parties in interest were effectively seeking a constructive trust to recover from an earlier fraud perpetrated by the relator. Moss, 722 S.W.2d at 763. In Helmsley–Spear the parties were essentially seeking a judgment lien. Helmsley–Spear, 699 S.W.2d at 645. In the instant case the real parties in interest attempt to persuade us that unlike the two prior cases, an adequate nexus exists between their claim and the subject property to support the application of the statute. However, their arguments are ineffective.

Without citing any case authority to support their contention, the Piney Point residents assert that as adjacent landowners their property interest arises from an interest in assuring that the relators' property is not subdivided in violation of law. They claim that their right to enforce compliance with the Subdivision and Zoning Ordinances of Piney Point Village is established by statute as well as by the court decision in Crump v. Perryman, 193 S.W.2d 233, 236 (Tex.Civ.App.—Dallas 1946, no writ). We are unwilling to expand the meaning of "interest" within the lis pendens statute to the broad dimensions requested by the real parties in interest. The wording of the property code section 12.007(a) suggests that an interest in property is less than title, but nothing in the statute indicates that an interest extends so far as to encompass a mere third-party concern about the property. We find the Piney Point residents' arguments unpersuasive.

Defining the term "encumber" broadly, the real parties in interest also claim that the statute violations would impair the use or transfer of the property at issue and therefore would constitute an encumbrance. See City of Beaumont v. Moore, 146 Tex. 46, 202 S.W.2d 448, 454 (1947). However, these parties overlook the intended effect of a statutory lis pendens notice. The purpose of this notice is to put those interested in a particular tract of land on inquiry as to the facts and issues involved in the suit or action concerned. Kropp v. Prather, 526 S.W.2d 283, 287 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). Statutory restrictions on the subdivision and transfer of property sufficiently alert prospective offenders or property purchasers to these violations, making the lis pendens notice superfluous.

The real parties in interest cite several cases decided in other states to support their proposition. Although relevant to the issues at hand, these cases do not persuade us to accept their position. The out-of-state suits are based on differently worded statutes subject to diverse legislative histories and controlling state case law. Paulson v. Lee, 745 P.2d 359, 361 (Mont.1987); Tucson Estates, Inc. v. Superior Court, 151 Ariz. 600, 729 P.2d 954, 956–59 (App. 1986); Hammersley v. District Court, 199

Colo. 442, 610 P.2d 94, 95–96 (1980). None of these parallel the Texas lis pendens statute and the surrounding circumstances of this case.

As in *Moss* and *Helmsley–Spear,* the Piney Point residents' stake in the targeted property is only collateral. Although concerned about the property, the real parties in interest have no title, interest, nor any right to encumber the acreage. Consequently, they have no standing to employ the restrictions of property code section 12.007(a) and have no right to bind the relators' property with a lis pendens notice. If the Piney Point residents were concerned that relators' actions could immediately and permanently disrupt their neighborhood, they could have sought relief through a temporary restraining order or injunction. *See* Tex.R.Civ.P. 680.

The respondent erred in denying the relators' motion for an order cancelling the lis pendens. We assume respondent will comply with the opinion of this court. In the event that he fails to do so within thirty (30) days of the distribution of this opinion, a writ of mandamus will issue.