In The


Court of Appeals


Ninth District of Texas at Beaumont





NO. 09-01-474 CV







IN RE EDWARD G. WOLF









Original Proceeding






O P I N I O N



 In this original proceeding, we determine whether the trial court abused its

 discretion in denying Edward G. Wolf's motion to cancel a lis pendens filed by LFSI,
Inc., formerly known as Strategic Finance, Inc. The lis pendens affects four lots owned
by Wolf in Montgomery County, Texas. We conditionally grant the mandamus.

 In the underlying cause, Strategic Finance, Inc. ("Strategic") sued First National
Net, Inc. ("FNN") and Wolf regarding a debt owed to Strategic under a factoring
agreement between Strategic and FNN. Strategic's business is purchasing accounts
receivable from clients ("factoring"). FNN, who provided field inspection services for
lenders in connection with home mortgage lending, entered into a Master Purchase and
Sale Agreement with Strategic ("factoring agreement"). The factoring agreement obligated
FNN, under certain circumstances, to repurchase or replace receivables it had sold to
Strategic. Any obligations of FNN to Strategic were secured by a lien on and security
interest in certain of FNN's assets, such as accounts, chattel paper, instruments, and
general intangibles. Wolf, the chief executive officer of FNN, individually guaranteed
FNN's debt. The lots were not pledged to secure FNN's obligations to Strategic. 

 The lis pendens statute provides persons litigating title to property with a mechanism
to give constructive notice to all those taking title to the property that the claimant is
litigating a claim against the property. Garza v. Pope, 949 S.W.2d 7, 8 (Tex. App.--San
Antonio 1997, no writ). A party may file a lis pendens during the pendency of an action
involving title to real property, the establishment of an interest in real property, or the
enforcement of an encumbrance against real property. Tex. Prop. Code Ann. §
12.007(a) (Vernon 1984). Strategic asserts it has an interest in the lots owned by Wolf. 
 Where only collateral issues are involved that ultimately may affect the parties'

 interest in the property, the doctrine of lis pendens does not apply. Flores v. Haberman,
915 S.W.2d 477, 478 (Tex. 1995)(holding that notice of lis pendens was improper because
plaintiffs sought a constructive trust on property only to satisfy their judgment against
defendant). Although the statute does not define "interest," the statute's wording indicates
an interest in property means something less than title. See Olbrich v. Touchy, 780
S.W.2d 6, 7(Tex. App.--Houston [14th Dist.] 1989, no writ).

 Strategic maintains that where it has expressly requested and prayed for an interest
in the real property, lis pendens is proper. Certain cases from the First Court of Appeals 
support Strategic's argument. In Teve Holdings Ltd. v. Jackson, 763 S.W.2d 905, 908-09
(Tex. App.--Houston [1st Dist.] 1988, no writ), the court held that where a plaintiff's
pleadings sought a constructive trust for a piece of property and prayed that the plaintiff
be granted an interest in that property, plaintiff's notice of lis pendens against that property
was valid. The First Court reiterated this position in First National Petroleum Corp. v.
Lloyd, 908 S.W.2d 23, 25 (Tex. App.--Houston [1st Dist.] 1995, no writ). The First
National court noted that the plaintiff sought the "property itself," and not just the
proceeds and, thus, the facts were distinguishable from those in Flores. 

 However, we feel the better position is stated in Olbrich v. Touchy, 780 S.W.2d 6,
7 (Tex. App.--Houston [14th Dist.] 1989, no writ). There, the Fourteenth Court found the
trial court erred in denying a motion to cancel the lis pendens and noted that an adequate
nexus must exist between the claim and the subject property. Olbrich, 780 S.W.2d at 7. 
It is the "adequate nexus" that is lacking here.

 In its pleadings, Strategic alleged Wolf used his position to divert proceeds collected
by FNN on Strategic's receivables for his own personal use, including using those
proceeds to fund his purchase of the lots. Strategic claimed a constructive trust was the
only remedy that would prevent the unjust enrichment of Wolf at Strategic's expense. In
the alternative, Strategic asserted that it should be granted title to the lots. Neither in its
pleadings below nor on appeal, does Strategic explain how the trial court would have the
authority to transfer title of the lots to Strategic. Thus, Strategic has failed to establish an
adequate nexus between its claim and the property. Without that nexus, which could be
established in an evidentiary hearing, the trial court erred in denying Wolf's motion for
an order cancelling the lis pendens. We are confident the trial court will comply with the
opinion of this court. The writ of mandamus will issue only in the event the trial court
refuses to do so. 

 PER CURIAM

Submitted on November 7, 2001

Opinion Delivered January 10, 2002

Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.