**Affirmed and Opinion filed December 15, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00207-CV

---

**COUNTY INVESTMENT, LP, Appellant**

**V.**

**ROYAL WEST INVESTMENT, LLC, SERIES E AND SHAWN SHAHBAZI, Appellees**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-34978**

---

## O P I N I O N

Appellant, County Investment, LP ("County Investment"), sued appellees, Royal West Investment, LLC ("Royal West") and Shawn Shahbazi for damages, alleging they unlawfully placed a lis pendens on real property owned by County Investment. The trial court granted appellees' motion for summary judgment on the ground that County Investment's claims are barred by the defense of absolute privilege. We affirm.

# I. BACKGROUND

Non-party Massood Danesh Pajooh ("Pajooh"), a commercial real estate developer, is a principal owner or member of several entities through which he conducts business, including another non-party, U.S. Capital Investments, LLC ("USCI"), and appellant County Investment. *See U.S. Capital Invs., LLC v. Shahbazi*, No. 02–12–00417–CV, 2014 WL 1713464, at *1 (Tex. App.—Fort Worth May 1, 2014, no pet.) (mem. op.). Appellee Shahbazi is also a commercial real estate investor and is a principal owner or member of several entities through which he conducts business, including appellee Royal West. *See id.*

In 2010, USCI and Pajooh became involved in litigation with appellees in a Tarrant County district court. *See id.* at *1–2.[1] That suit arose out of several real estate transactions between those parties, and they asserted various claims against each other. *See id.* The jury's verdict and post-trial rulings resulted in Royal West being the prevailing party. *See id.* at *2. In July 2012, the Tarrant County district court signed a final judgment awarding Royal West $352,380 and attorney's fees of $165,000 (plus conditional appellate attorney's fees) against USCI and Pajooh, jointly and severally. *See id.* at *3. The Fort Worth Court of Appeals affirmed the judgment. *See id.* at *11.

Upon the district court signing the judgment, Royal West sought immediate execution. The request was supported by an affidavit of Royal West's attorney averring that he believed Pajooh would conceal assets, manipulate assets to file bankruptcy on behalf of USCI, or place assets beyond the jurisdiction of the court because he has a history of conducting fraudulent transactions to avoid creditors and is an Iranian citizen with family and business contacts in Iran. On the same

---

[1] We recite the facts regarding the Tarrant County suit based on the appellate court opinion in that case and uncontroverted summary-judgment evidence in the present case.

day that it signed the judgment, the Tarrant County district court signed an order permitting immediate execution.

According to Shahbazi, when he/Royal West served post-judgment discovery, Pajooh boasted that he would prevent Shahbazi from locating assets to satisfy the judgment. Then, in January 2013, appellees filed a "Notice of Lis Pendens" in Harris County relative to certain real property in Houston owned by County Investment and referenced the Tarrant County suit. The lis pendens was ultimately released in April 2014.

In the present suit, filed in June 2014, County Investment alleges the following: (1) in early April 2013, it entered into an agreement to sell the property at issue for $956,000; (2) a commitment for title insurance was made subject to dismissal of the Tarrant County suit and release of the lis pendens; (3) appellant contacted Shahbazi who said he instructed his attorney to release the lis pendens, but it was not released at the time; and (4) in June 2013, the proposed buyer cancelled the purchase because of the lis pendens.[2] County Investment seeks actual and punitive damages for appellees' alleged violation of Texas Civil Practice and Remedies Code Chapter 12 by filing a fraudulent lien, *see* Tex. Civ. Prac. & Rem Code Ann. §§ 12.002(a), (b), 12.003(a)(8) (West Supp. 2016), tortious interference with contract, and slander of title. The crux of the claims is

---

[2] The parties present conflicting summary-judgment evidence regarding events between the filing of the lis pendens and the filing of the present suit and the opposing party's motives, which evidence is not germane to our disposition. But, in essence, according to County Investment's evidence, Pajooh informed Shahbazi that the lis pendens was an improper attempt to force a settlement of the Tarrant County suit and demanded the lis pendens be released. Shahbazi avers that (1) shortly after the court of appeals affirmed the Tarrant County judgment (May 2014), Pajooh began proposing settlement options that would result in release of the judgment, which Pajooh needed to consummate another transaction, and (2) when Shahbazi declined a "meager" monetary offer, Pajooh immediately had appellees served with the present suit.

that the lis pendens was unlawful because County Investment was not a party to the Tarrant County suit and the lis pendens caused County Investment to lose the $956,000 it would have realized from the sale of the property.

Appellees filed a traditional motion for summary judgment, contending all claims are barred by the defense of absolute privilege, to which County Investment filed a response. The trial court signed an order granting summary judgment and ordering that County Investment take nothing. County Investment filed a motion to reconsider and motion for new trial, which was overruled by operation of law.

## II. THE SUMMARY JUDGMENT

A party moving for traditional summary judgment must establish there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A defendant moving for traditional summary judgment must negate at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). If the motion and summary-judgment evidence facially establish the movant's right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment. *See Arguelles v. Kellogg Brown & Root, Inc.*, 222 S.W.3d 714, 723 (Tex. App.—Houston [14th Dist.] 2007, no pet.). We review a summary judgment *de novo*. *Provident Life*, 128 S.W.3d at 215. We take all evidence favorable to the nonmovant as true and indulge every reasonable inference and resolve any doubts in its favor. *Id.*

### A.  Law on Lis Pendens and the Absolute Privilege Defense

"Lis pendens provides a mechanism for putting the public on notice of

certain categories of litigation involving real property." *Prappas v. Meyerland Cmty. Improvement Ass'n*, 795 S.W.2d 794, 795 (Tex. App.—Houston [14th Dist.] 1990, writ denied). "A lis pendens is a notice of litigation, placed in the real property records, asserting an interest in the property, and notifying third parties that ownership of the property is disputed." *In re Miller*, 433 S.W.3d 82, 84 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). Texas Property Code section 12.007, governing the filing of a lis pendens, provides, in pertinent part:

> (a) After the plaintiff's statement in an eminent domain proceeding is filed or during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

Tex. Prop. Code Ann. § 12.007(a) (West 2014). Section 12.007 also prescribes requirements for the contents of the notice, recording of the notice by the clerk, and service on others. *See id.* § 12.007(b)–(d) (West 2014).

County Investment seeks damages on the basis that appellees were not authorized to place a lis pendens on the property. In the motion for summary judgment, appellees relied on *Prappas*, in which our court set forth the defense of absolute privilege to an action seeking damages for the alleged wrongful filing of a lis pendens. *See* 795 S.W.2d at 795–800.

In *Prappas*, a community association had brought a separate declaratory judgment action against several homeowners seeking to preclude them from selling their homes, after heavy flooding, for non-residential use. *See id.* at 795. The association did not prevail in the trial court or on appeal. *See id.* However, after the trial court's judgment, but right before the sale was to close, the association filed a notice of lis pendens which remained on file until the association's appeals

5

were exhausted. *See id.* The lis pendens caused the buyer to cancel the purchase. *See id.* The homeowners filed the *Prappas* suit against the association for slander of title and tortious interference with contract, alleging the lis pendens was wrongful as unauthorized by statute and seeking damages. *See id.* The trial court rendered summary judgment in favor of the association. *See id.*

When affirming, we held that there is an absolute privilege defense against a suit seeking damages for placing a lis pendens even when the plaintiff alleges the lis pendens was wrongful as falling outside the circumstances for which a lis pendens may be filed under section 12.007(a). *See id.* at 795–800. We relied on two cases from sister courts and the principles cited therein for recognizing the privilege: (1) a lis pendens is part of a judicial proceeding, as it has no existence separate from the litigation of which it gives notice, and communications, oral or written, in the course of a judicial proceeding are privileged; and (2) the open courts guarantee of the Texas Constitution ensures litigants access to the courts without fear of defamation actions. *See id.* at 796–97 (citing *Kropp v. Prather*, 526 S.W.2d 283, 286–87 (Tex. Civ. App.—Tyler 1975, writ ref's n.r.e.); *Griffin v. Rowden*, 702 S.W.2d 692 (Tex. App.—Dallas 1985, writ ref'd n.r.e.)).

We further stated that there are remedies for nullifying an unauthorized lis pendens, including a statutory method for cancellation, or other request for an appropriate order from the trial court, with mandamus relief available if the trial court refuses to order cancellation. *See id.* at 795–96, 798 (citing Tex. Prop. Code § 12.008; *Olbrich v. Touchy*, 780 S.W.2d 6 (Tex. App.—Houston [14th Dist.] 1989, orig. proceeding); *Moss v. Tennant*, 722 S.W.2d 762 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding); *Helmsley–Spear of Tex., Inc. v. Blanton*, 699 S.W.2d 643 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding)). In fact, we noted that "impossibility" of recovering damages is why courts have given a

6

broad reading to the statute governing cancellation. *See id.* at 798; *see also Manders v. Manders*, 897 F. Supp. 972, 976–78 (S.D. Tex. 1995) (citing *Prappas* when holding that plaintiffs' claims for damages for tortious interference and slander of title based on filing a lis pendens were barred by absolute privilege defense under Texas law); *Bayou Terrace Inv. Corp. v. Lyles*, 881 S.W.2d 810, 818 (Tex. App.—Houston [1st Dist.] 1994, no writ) (citing *Prappas* when stating that absolute privilege defense bars suit for damages arising from filing a lis pendens).

**B.     Analysis**

In two issues, County Investment proffers several reasons that *Prappas* does not apply in the present case and County Investment's claims are not barred by the privilege defense.

County Investment emphasizes that unlike in *Prappas*, in which the property owners were parties to the litigation in which the lis pendens was placed, County Investment was not a party to the judicial proceeding referenced in appellees' notice of lis pendens and the property at issue was not involved in the judicial proceeding. Thus, County Investment suggests the lis pendens affects "collateral" real property unrelated to any judicial proceeding and is void *ab initio*. County Investment cites uncontroverted summary-judgment evidence that it was not a party to the Tarrant County suit and the property has never been owned by the parties to that suit. Therefore, County Investment maintains that appellees acted contrary to Property Code section 12.007(a) by filing the lis pendens.

We note that appellees assert the lis pendens was placed on the property of County Investment in order to satisfy Royal West's Tarrant County judgment against Pajooh, a member or owner of County Investment, and USCI, of which Pajooh is also a member or owner. Regardless, assuming without deciding that such connection is insufficient to support filing of a lis pendens under section

7

12.007(a), the essence of County Investment's claim is that the lis pendens is not authorized under the statute. We made clear in *Prappas* that such a claim is barred under the absolute privilege doctrine. *See* 795 S.W.2d at 795–800. The issue of whether one may place a lis pendens against property owned by a non-party to a suit to enforce a judgment against a party to the suit concerns the merits of the lis pendens and does not negate application of the absolute privilege defense to a claim for damages even if the lis pendens was improper.

County Investment cites three cases to support its contention. In each case, our court held that a lis pendens was not authorized under section 12.007(a) because the property at issue was only collaterally related to the judicial claims of the party filing the lis pendens. *See Olbrich*, 780 S.W.2d at 7–8; *Moss*, 722 S.W.2d at 763; *Helmsley–Spear*, 699 S.W.2d at 645. However, those cases were not actions for damages for the improper filing of the lis pendens, and thus we did not address whether there was a privilege against such a suit; rather, the cases involved a request in the trial court to cancel the lis pendens and a mandamus proceeding in our court after the trial court denied the request. *See Olbrich*, 780 S.W.2d 6–8; *Moss*, 722 S.W.2d at 762–64; *Helmsley-Spear*, 699 S.W.2d at 644–45. Consequently, none of these cases negate application of the absolute privilege defense to a claim for damages for placing an unauthorized lis pendens. In fact, the cases support appellees' position by confirming that a property owner may seek cancellation of an improper lis pendens followed by mandamus relief if a trial court refuses the request for cancellation.

In this regard, County Investment contends the privilege should not apply because County Investment did not have adequate avenues for obtaining cancellation of the lis pendens under Property Code sections 12.0071 or 12.008. As County Investment asserts, section 12.0071, prescribing circumstances under

8

which a "party to an action in connection with which a notice of lis pendens has been filed," may obtain expunction of the lis pendens, *see* Tex. Prop. Code Ann. § 12.0071 (West 2014), requires twenty days' notice of the hearing on the motion to expunge. *See id.* § 12.0071(d). County Investment also asserts that section 12.008, governing circumstances under which "a party or other person interested in the result of or in property affected by a proceeding in which a lis pendens has been filed" may obtain cancellation of the lis pendens, implies that the lis pendens is valid by requiring the court to protect the party seeking affirmative relief in the suit; the court must require the movant to deposit money into the court or require the "giving of an undertaking" to ensure payment of the judgment. *See id.* § 12.008 (West 2014). County Investment suggests it lacked adequate time or resources to pursue the above-cited remedies before the lis pendens prevented County Investment's intended sale of the property, particularly because Shahbazi kept fraudulently representing he would have the lis pendens removed.

Even if we construe the above-cited provisions as urged by County Investment, it expressly acknowledges that they are not the exclusive methods for obtaining cancellation of a lis pendens. In *Prappas*, we stated that section 12.008 is not the exclusive remedy for nullifying an unauthorized lis pendens and an affected party may seek another appropriate order from a district court, under the rationale that when the notice fails to comply with the Property Code, the remedy for removal should not be limited to that provided by the statute. *See* 795 S.W.2d at 796, 798 (citing *Olbrich*, 780 S.W.2d 6; *Moss*, 722 S.W.2d 762; *Helmsley-Spear*, 699 S.W.2d at 643; *Lane v. Fritz*, 404 S.W.2d 110 (Tex. Civ. App.—Corpus Christi 1966, no writ); *Hughes v. Houston NW Med. Ctr.*, 647 S.W.2d 5, 7 (Tex. App.—Houston [1st Dist.] 1982, writ dism'd)).

We note that section 12.0071 was not yet enacted when we decided *Prappas*. However, we see no reason that subsequent enactment of a method for obtaining expunction would negate the *Prappas* court's recognition that statutory methods for nullifying a lis pendens are not exclusive—particularly considering that section 12.0071 is available only to a "party to an action in connection with which a notice of lis pendens has been filed," whereas section 12.008 is more broadly available to "a party or other person interested in the result of or in property affected by a proceeding in which a lis pendens has been filed," and even the latter is not exclusive. *Compare* Tex. Prop. Code Ann. § 12.0071 *with* 12.008; *see Prappas*, 795 S.W.2d at 796, 798.

And, as appellees assert, the Government Code provides a method whereby a person who owns or has an interest in real property and believes a filed document purporting to place a lien or claim against the property is fraudulent may file a motion and obtain, even ex parte, a judicial declaration that the lien is not valid. *See* Tex. Gov't Code Ann. § 51.903 (West 2013). County Investment presents no reason it could not have sought cancellation as authorized generally or under section 51.903. Nevertheless, in *Prappas*, we made no exception to the privilege against a suit for damages for an unauthorized lis pendens based on the length of time it might take to nullify the lis pendens, the timing for nullification when compared to a potential sale of the property, or whether the party placing the lis pendens had promised its removal. *See* 795 S.W.2d at 795–800.

Next, County Investment maintains that the privilege does not apply because the lis pendens was a fraudulent court record as forbidden by the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 12.002(a). County Investment cites an affidavit it presented, reflecting a lis pendens was filed against multiple properties associated with [Pajooh] "to make life miserable for [Pajooh]

10

and for all those associated who are joint venture and partners of [County Investment]." We acknowledge that *Prappas* involved only two of the same claims asserted in the present case—slander of title and tortious interference—and the court did not address any fraudulent-lien claim. *See* 795 S.W.2d at 795–800. Regardless, we conclude *Prappas* is also applicable to County Investment's fraudulent-lien claim. The *Prappas* court's reasoning for recognizing the privilege was not limited to the claims asserted in the suit or contingent on the motives of the party placing the lis pendens. *See generally id.* Significantly, we stated that availability of the privilege does not turn on whether the party placing the lis pendens acted in good faith and even malice would not dissolve the privilege. *See id.* at 799.

County Investment further cites a case in which a court of appeals upheld a jury's finding of no damages on a claim for purportedly filing a fraudulent lis pendens. *See Duke v. Power Elec. & Hardware Co.*, 674 S.W.2d 400, 405 (Tex. App.—Corpus Christi 1984, no writ). According to County Investment, that case shows that County Investment's fraudulent-lien claim should be submitted to a jury. But, that case does not negate applicability of the privilege defense because there is no indication that defendant raised the defense and the case was decided before the *Prappas* court recognized the defense. *See id.*

Finally, County Investment argues that permitting the absolute privilege defense even when the party owning the property at issue or the property itself are not part of a judicial proceeding will have a "deleterious effect"—any party could maliciously file a lis pendens without consequences and use the lis pendens as "a sword." We reject this argument for the same reasons we have rejected County Investment's fraudulent-lien contention—application of the privilege defense does

11

not depend on the motives of the party filing the lis pendens. *See Prappas*, 795 S.W.2d at 799.

In summary, because we are bound by the precedent of *Prappas*, dictating that County Investment's claims for damages are barred by the defense of absolute privilege, we conclude the trial court did not err by granting summary judgment on all of the claims. We overrule both of County Investment's issues.

We affirm the trial court's judgment.


/s/    John Donovan
           Justice


Panel consists of Justices Jamison, Donovan, and Brown.