**Reversed and Remanded, and Opinion filed April 23, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00569-CV

## GLYNN WALKER AND MELINDA DEA WALKER, Appellants

## V.

## WILLIAM RALPH LAYNE WALKER A/K/A LAYNE WALKER AND RONALD LINN WALKER, Appellees

**On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 15-CV-0354-A**

## OPINION

This is the second appeal of summary judgments granted by the trial court in this case. As we detailed in our previous opinion, Glynn and Melinda Walker sued Glynn's father and brother Ronald and Layne Walker regarding ownership of a beach house.[1] *Walker v. Walker*, No. 14-16-00357-CV, 2017 WL 1181359, at *1

---

[1] Ronald passed away during the pendency of this appeal. We adjudicate the appeal as if he were still alive. *See* Tex. R. App. P. 7.1(a)(1) ("If a party to a civil case dies after the trial

(Tex. App.—Houston [14th Dist.] Mar. 30, 2017, no pet.) (mem. op.). Glynn and Melinda asserted claims, among others, for monetary damages based on promissory estoppel and unjust enrichment and filed a notice of lis pendens against the property. *Id*. The trial court granted summary judgment against them on all claims. *Id*. We reversed the trial court's judgment as to their claims for affirmative promissory estoppel and unjust enrichment, concluding there were genuine issues of material fact on these claims, and remanded the case.[2] *Id*.

On remand, Ronald and Layne again moved for summary judgment on the promissory estoppel and unjust enrichment claims. They also moved for summary judgment on their affirmative defense of res judicata to Glynn and Melinda's defensive use of promissory estoppel.[3] Contrary to this court's prior holding, the trial court again granted summary judgment against Glynn and Melinda on their promissory estoppel and unjust enrichment claims and granted summary judgment in favor of Ronald and Layne on their res judicata affirmative defense. The trial court also granted Ronald and Layne's motion to expunge lis pendens.[4] We reverse and remand.

## *Discussion*

We presented the facts in our previous opinion and need not do so again. *See*

court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive.").

[2] We noted that promissory estoppel "is generally used as a defensive theory" and held that Glynn and Melinda waived any error regarding the defensive use of promissory estoppel by failing to address it on appeal. *Walker*, 2017 WL 1181359, at *7.

[3] As stated in their response to the motion, Glynn and Melinda do not assert a claim for defensive promissory estoppel.

[4] The trial court granted motions to dismiss all other pending claims against all parties, and thus the matter became final and appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (noting order that "actually disposes of every pending claim and party" is final for purposes of appeal).

*id.* at *1-2. We turn to the issues in this case. In two issues, Glynn and Melinda challenge the trial court's (1) second summary judgment on promissory estoppel and unjust enrichment, (2) summary judgment on Ronald and Layne's res judicata affirmative defense, and (3) expunction of the lis pendens.

## I.    Summary Judgment

We review a summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.*

When a party seeks summary judgment on no-evidence and traditional grounds, we generally review the no-evidence grounds first. *See PAS, Inc. v. Engel*, 350 S.W.3d 602, 607 (Tex. App.—Houston [14th Dist.] 2011, no pet.). To prevail on a no-evidence summary judgment, the movant must allege that no evidence exists to support one or more essential elements of a claim for which the non-movant bears the burden of proof at trial. *Id.* (citing Tex. R. Civ. P. 166a(i)). The motion must specifically state the elements for which there is no evidence. *Id.* The non-movant must then present evidence raising a genuine issue of material fact on the challenged elements. *Id.* A fact issue exists when there is more than a scintilla of probative evidence. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam). More than a scintilla of evidence is present when evidence rises to a level that would allow reasonable and fair-minded people to differ in their conclusions as to the existence of a vital fact. *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 196 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex.

2004)).

The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *Fielding*, 289 S.W.3d at 848 (citing Tex. R. Civ. P. 166a(c)). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). Summary judgment for a defendant is proper only when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Hilburn v. Storage Tr. Props., LP*, 586 S.W.3d 501, 506 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

### A. Promissory Estoppel

Ronald moved for no evidence and traditional summary judgment on the promissory estoppel claim. He argued that (1) promissory estoppel is not a valid affirmative claim; (2) his promise to convey the property to Glynn was not sufficiently definite to be enforced; and (3) Glynn's purported reliance on Ronald's promise was not reasonable. The promissory estoppel claim is against Ronald only.

**Affirmative Claim**. We have already held in this case that promissory estoppel can be asserted as an affirmative claim for damages, so the first argument is without merit. *Walker*, 2017 WL 1181359, at *7 (citing *Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 166 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)). The elements of an affirmative claim for promissory estoppel are (1) a promise, (2) foreseeability by the promisor of reliance on the promise, and (3) substantial reliance by the promisee to his detriment. *Id.* (citing *Boales*, 29 S.W.3d at 166, and *Collins. v. Walker*, 341 S.W.3d 570, 573–74 (Tex. App.—

4

Houston [14th Dist.] 2011, no pet.) (holding claim applies when enforcing the promise is necessary to avoid injustice)). Ronald also moved for no evidence summary judgment on each element of promissory estoppel as an affirmative claim.

**Fact Issues on Elements**. We have already held that there are genuine issues of material fact as to each element of the affirmative claim of promissory estoppel based on the following evidence: (1) a promise—Ronald promised he would transfer the deed to Glynn "whenever Glynn was ready"; (2) foreseeability of reliance on the promise—Ronald encouraged Glynn and Melinda to design and build a home on the property, and Ronald knew Glynn and Melinda took out a home equity loan to use toward building the house; and (3) substantial reliance by Glynn and Melinda to their detriment—Glynn and Melinda took out a home equity loan and built a beach house in reliance on Ronald's promise.[5] *See id*. at *8. We are bound by our prior holding. *See Taylor v. First Cmty. Credit Union*, 316 S.W.3d 863, 869 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Absent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court."). Glynn and Melinda, moreover, presented additional evidence supporting each element of promissory estoppel: Ronald (1) told Glynn and Layne "he was purchasing beach lots for" them (promise); (2) paid for the lots and gave Glynn over $100,000 "to assist . . . with building . . . the beach home[]" (foreseeability of

---

[5] Ronald and Layne point out that they did not originally move for no evidence summary judgment on the promissory estoppel claim. But we analyzed the issue under traditional summary judgment principles and held that there were genuine issues of material fact on each element. *Walker*, 2017 WL 1181359, at *7-8. Since Glynn and Melinda presented evidence on each element, the outcome is the same. *See PAS, Inc.*, 350 S.W.3d at 607 (noting for no evidence summary judgment motions, nonmovant is required to produce evidence that raises a genuine issue of material fact as to each challenged element).

5

reliance and substantial reliance); (3) referred to the house as Glynn's (promise and foreseeability of reliance); (4) never took possession of the home (foreseeability of reliance); and (5) amended his will at Glynn's office and told Glynn that he was devising the property to Glynn temporarily until a quiet title suit involving the property was resolved (promise and foreseeability of reliance).

**Promise Sufficiently Definite**. Ronald argued that his promise was too indefinite to be enforced because (1) Glynn and Layne originally were supposed to get three lots each, but ultimately Glynn and Layne agreed that Layne would take four lots, and (2) Ronald initially owned a 75% interest in the lots that changed to 100% after the title dispute was resolved. *See Walker*, 2017 WL 1181359, at *6. To support a finding of promissory estoppel, the asserted "promise" must be sufficiently specific and definite that it would be reasonable and justified for the promisee to rely upon it as a commitment to future action. *Comiskey v. FH Partners, LLC*, 373 S.W.3d 620, 635 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). The promise also must be more than mere speculation concerning future events, a statement of hope, or an expression of opinion, expectation, or assumption. *Id*.

Ronald has pointed to no authority supporting the argument that Glynn's agreement to let Layne have one of his lots or that resolution of the title dispute made Ronald's promise too indefinite to be enforced. We conclude there is more than a scintilla of evidence that Ronald promised to give three lots to Glynn after the title dispute was resolved. That the parties agreed later to Glynn's receiving only two lots and that the title dispute was resolved in Ronald's favor simply do not reflect Ronald made a promise that was not sufficiently specific and definite.

**Reasonable Reliance**. As to whether Glynn's purported reliance on Ronald's promise was reasonable, we have already noted that Glynn and Melinda

presented evidence showing Ronald encouraged them to design and build a home on the property. *See Walker*, 2017 WL 1181359, at *8. Ronald argues, however, that his purported promise to give Glynn the property was illusory because Ronald testified that he never intended to deed the property to Glynn and Layne but instead intended to bequeath it to them. *See Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 505 (Tex. 2015) (quoting Restatement (Second) of Contracts § 77 cmt. a (1981) ("Words of promise which by their terms make performance entirely optional with the 'promisor' do not constitute a promise.")). Because Ronald could change his mind, according to him, the promise was illusory, and thus it was not reasonable for Glynn to rely on it. *See Comiskey*, 373 S.W.3d at 635 (noting to support promissory estoppel finding, promisee's reliance on promise must be reasonable and justified). But Glynn presented evidence that Ronald told Glynn the will devising the property to him was only temporary pending resolution of a quiet title suit involving the property. Once the title issues were resolved, Ronald said he would transfer the property to Glynn whenever he was ready. Accordingly, there is a fact question as to whether Ronald intended to give the property during his lifetime to Glynn and Layne once the title dispute was resolved or intended to bequeath the property to them.[6]

Viewing the evidence in the light most favorable to Glynn and Melinda, it shows that Ronald purchased property for Glynn and Layne and intended to transfer Glynn's portion of the property to him once the pending title issues were resolved and when Glynn was ready. Based on our prior holding and additional analysis, we conclude the trial court again erred in granting summary judgment on

---

[6] We noted before that the will could not conclusively negate a present intent to give the property to Glynn because "[a] will speaks only 'at the time of the testator's death, and the estate's property cannot be assessed until that date. The will can only give things possessed by the testator at his death.'" *Walker*, 2017 WL 1181359, at *5 n.5 (quoting *Estate of Wright*, 482 S.W.3d 650, 658 (Tex. App.—Houston [14th Dist.] 2015, pet. denied)).

Glynn and Melinda's affirmative promissory estoppel claim. As noted, the trial court's second grant of summary judgment was contrary to our prior holding.

**Defensive Claim**. Ronald and Layne also moved for summary judgment on their affirmative defense of res judicata to Glynn and Melinda's *defensive* claim of promissory estoppel. Glynn and Melinda assert they do not have a defensive claim of promissory estoppel but concede that if they did, it would be barred because of this court's earlier holding.[7] *See Walker*, 2017 WL 1181359, at *7 ("As Glynn and Melinda do not address the defensive use of a promissory estoppel cause of action in their issues or briefing to this Court, we conclude they have waived any error on appeal concerning the defensive use of promissory estoppel to preclude application of the Statute of Frauds."). Glynn and Melinda contend, however, that the trial court erred to the extent that it granted the motion on their *affirmative* claim of promissory estoppel on the basis of res judicata. The trial court's order does not reflect that the trial court granted summary judgment as to the affirmative promissory estoppel claim on the basis of res judicata, as it does not specify the reason. But if the court did so, it was error, as our previous opinion only concluded that the defensive claim of promissory estoppel was barred. *See id*. For the above reasons, we agree that the trial court erred in rendering summary judgment on Glynn and Melinda's affirmative claim of promissory estoppel, and we reverse the summary judgment on that claim.

### B. Unjust Enrichment

Ronald and Layne also moved for no evidence and traditional summary

---

[7] Glynn and Melinda further argue that it was unclear whether Ronald and Layne also moved for summary judgment on the basis of res judicata as to Glynn and Melinda's prior claim of an oral parol gift of property. Glynn and Melinda concede that they cannot revive this claim because we have already held that the trial court did not err in granting summary judgment on this claim. *See Walker*, 2017 WL 1181359, at *7.

8

judgment on the basis that there is no evidence of "fraud, duress, or 'the taking of undue advantage.'"[8] We have already held that fraud, duress or the taking of an undue advantage is not an element of unjust enrichment, even though the doctrine "is typically found to apply" under one of these scenarios. *Walker*, 2017 WL 1181359, at *8. As we stated, "[t]he right to recover under an unjust enrichment theory does not depend on the existence of a wrong" and "[t]o obtain restitution on a theory of unjust enrichment, a wrongful act need not be shown." *Id.* at *8-9. Under the doctrine, as we noted, "one who receives benefits, *even passively*, which would be unjust to retain ought to make restitution for those benefits." *Id.* at *8 (emphasis added). Again, we are bound by our prior holding, *see Taylor*, 316 S.W.3d at 869, but even if we were not, we would not hold otherwise.[9] We conclude the trial court erred in granting summary judgment on this basis.

We sustain Glynn and Melinda's first issue.

## II.    Lis Pendens

Glynn and Melinda also challenge in their second issue the trial court's order expunging the lis pendens filed against the property. A lis pendens is a notice of litigation, placed in the real property records, asserting an interest in the property and notifying third parties that ownership of the property is disputed. *Jetall Cos. v. Van Dyke*, No. 14-19-00104-CV, 2019 WL 2097540, at *5 (Tex. App.—Houston

---

[8] Ronald and Layne also imply that unjust enrichment is not an independent cause of action. We noted that it is "an equitable doctrine that allows recovery in quasi-contract or restitution if a contemplated agreement is 'unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons.'" *Walker*, 2017 WL 1181359, at *8. We also held that Ronald's purported oral gift of realty was unenforceable because there was no evidence that Ronald intended an immediate divestiture of his rights of ownership. *Id.* at *6. Ronald and Layne have pointed to no impediment to Glynn and Melinda's bringing an unjust enrichment claim.

[9] Moreover, Glynn and Melinda presented evidence that they built a beach house on the property and financed it. This is evidence of an undue advantage to Ronald and Layne.

[14th Dist.] May 14, 2019, no pet.) (mem. op.).[10]

Ronald and Layne contend that they were entitled to expunction of the lis pendens because Glynn and Melinda no longer assert a real property claim. Ronald and Layne moved to expunge the lis pendens on three grounds: (1) this court previously held Glynn and Melinda have no claim on real property; (2) Glynn and Melinda do not have the type of interest in real property "that is contemplated by the Property Code"; and (3) the notice contained inaccurate information.[11] Ronald and Layne argue for the first time on appeal that Glynn and Melinda do not have a real property claim because they seek only monetary damages.

While an action "involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property" is pending, a party seeking affirmative relief may file with the county clerk of the county where the property is located a notice stating that the action is pending. Tex. Prop. Code § 12.007(a). A party to such an action may apply to the court to expunge the notice. *Id.* § 12.0071(a)(1). Under the statute, in relevant part, the trial court "shall order the notice of lis pendens expunged if the court determines that . . . the pleading on which the notice is based does not contain a real property claim." [12] *Id.* § 12.0071(c)(1).

---

[10] Glynn and Melinda filed a motion to stay the sale of the beach house pending disposition of the appeal, which we denied. In their opposition to the motion, Ronald and Layne contend that Glynn and Melinda filed another notice of lis pendens after this appeal was filed, which the trial court apparently also expunged. That notice is not before this court.

[11] We did not hold that Glynn and Melinda have no real property claim. *See Walker*, 2017 WL 1181359, at *1.

[12] Under the statute, a trial court must expunge a lis pendens if the court determines (1) the pleading does not contain a real property claim; (2) the claimant fails to establish by a preponderance of the evidence the probable validity of a real property claim; or (3) the person who filed the notice did not serve it on all the required parties. Tex. Prop. Code § 12.0071(c). Two of Ronald and Layne 's arguments in the motion to expunge and their argument on appeal relate to subsection (c)(1)—whether the pleading contains a real property claim. The other

10

As an initial matter, we must determine what standard of review applies to the trial court's order expunging the lis pendens. We first look to the statute. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). If a statute provides that the trial court "shall enter an order," the trial court has no discretion but to do so. *See In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000); *Bocquet*, 972 S.W.2d at 20 ("Statutes providing that a party . . . 'shall be awarded' . . . attorney fees are not discretionary."). Because the language in the statute is mandatory, i.e., the trial court "shall order the notice of lis pendens expunged if . . . ," we must determine as a matter of law whether the trial court erred in ordering expunction. *See* Tex. Prop. Code § 12.0071(c)(1); *see also In re Doe*, 19 S.W.3d at 253; *Bocquet*, 972 S.W.2d at 20.

We turn to "the pleading on which the notice is based" to determine whether the trial court erred in finding that it did "not contain a real property claim." *See* Tex. Prop. Code § 12.0071(c)(1). The statute does not define "real property claim," but at the time the trial court granted the motion to expunge, Glynn and Melinda were asserting claims only for promissory estoppel and unjust enrichment. We must determine whether either of these is a real property claim under the statute.

We have held that for the lis pendens statute to apply, an adequate nexus must exist between the asserted claims and the subject property. *Olbrich v. Touchy*, 780 S.W.2d 6, 7 (Tex. App.—Houston [14th Dist.] 1989, no writ). Although something less than title is enough to establish this nexus, a claimed interest in the subject property must be direct and not collateral. *See id.* at 7-8; *see also In re Collins*, 172 S.W.3d 287, 293 (Tex. App.—Fort Worth 2005, no pet.).

The disposition of the subject property obviously forms the basis for Glynn and Melinda's claims. Glynn and Melinda allege in their live petition that Glynn

argument, involving accuracy of the notice, is not a basis for expunction under the statute.

11

and Layne were each given three lots but the deeds would not be transferred until after construction was completed. Construction commenced, and because Layne's three lots were not large enough to accommodate the size of his home, Glynn agreed to give one of his lots to Layne. Glynn obtained a home equity construction loan to build his beach house and contributed a significant amount of his own money for the construction. Glynn also currently pays the mortgage and other expenses associated with the property. After construction of the beach homes was completed, Ronald told Glynn and Layne he would sign the deeds over to the brothers. These allegations show that Glynn claims an interest in the property.

Although in their live pleading, Glynn and Melinda seek only monetary damages, they argue on appeal that they may be entitled to "pay the value of the land before the improvements were placed and become the owner[s] of the land and improvements" or ask the trial court to "order the land and improvements sold and the money divided" appropriately among the parties. These are available remedies for unjust enrichment. *See Wasson Interests, Ltd. v. City of Jacksonville*, No. 12-13-00262-CV, 2019 WL 7373851, at *8 (Tex. App.—Tyler Dec. 31, 2019, no pet.) (mem. op.) (listing available unjust enrichment remedies when good faith improvement was made to property and "improvement cannot be removed without great injury to the improvement or the land"). Glynn and Melinda further contend they may be entitled to a lien against the property. Restitution involving restoring property taken from the plaintiff may also be an appropriate measure of damages for unjust enrichment. *City of Harker Heights, Tex. v. Sun Meadows Land, Ltd.*, 830 S.W.2d 313, 317 (Tex. App.—Austin 1992, no writ).

We conclude that the claim for unjust enrichment is a real property claim. Glynn and Melinda allege that they have an interest in the property even though it was never legally transferred to them. Moreover, they did not have an opportunity

to amend their petition in response to the motion to expunge to seek any other damages available for unjust enrichment because Ronald and Layne did not raise the issue below.[13] We decline to hold that Glynn and Melinda failed to allege a real property claim based solely on the fact that they did not seek all damages in their pleading to which they may be entitled, particularly given the fact that they did not have the benefit of this argument below. Ronald and Layne have cited no authority, and we have found none, compelling us to hold otherwise. We conclude that the trial court erred in expunging the lis pendens.

We sustain Glynn and Melinda's second issue.

### *Conclusion*

Having again concluded that there are fact issues on Glynn and Melinda's affirmative promissory estoppel claim and unjust enrichment claim, we reverse the trial court's summary judgment on those claims, which is contrary to this court's prior holding. In addition, we reverse the trial court's order expunging the lis pendens. We remand for proceedings consistent with this opinion.


/s/    Frances Bourliot
Justice


Panel consists of Justices Christopher, Bourliot, and Zimmerer.

---

[13] We note that in the prayer in their live petition, Glynn and Melinda ask for "such other and further relief both at law and in equity to which [they] may be entitled."

13